Robert L. **MCKINNEY**, Plaintiff—Appellant,

v.

**BOYD GAMING CORPORATION; Alan Abrams; John H. Miner; Stan Roth; Richard Schuetz; Stardust Hotel and Casino, Defendants—Appellees.**

No. 01–15142.

D.C. No. CV–S–99–1786–RLH.

United States Court of Appeals, Ninth Circuit.

Submitted June 11, 2001.*

Decided June 25, 2001.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a).

Before O'SCANNLAIN, SILVERMAN, and GOULD, Circuit Judges.

MEMORANDUM **

Robert L. McKinney appeals pro se from the district court's grant of summary judgment to the corporate defendants as to his Title VII claims of racial discrimination in employment. McKinney also appeals the district court's dismissal of his Title VII claims against the individual defendants as well as his 42 U.S.C. §§ 1981–83 claims of racial discrimination against both the corporate and the individual defendants.

I

■ The district court granted summary judgment to the corporate defendants, Boyd Gaming Corporation and Stardust Hotel and Casino, as to the Title VII claims. Summary judgment is appropriate when "there is no genuine issue as to any material fact," and "the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). McKinney's Title VII claims against the corporate defendants rest on the allegation that the defendants' failure to promote him to a supervisory position was based on racial discrimination in violation of Title VII. Since McKinney concedes he never applied for the job which he was denied, he cannot establish a prima facie case of discrimination under Title VII. *See McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). As there was no genuine issue as to any material fact which could support McKinney's claim, the dis-

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

trict court properly granted summary judgment.

## II

 The district court dismissed the Title VII claims brought against the individual defendants and the §§ 1981–83 claims brought against both the corporate and individual defendants under Federal Rule of Civil Procedure 12(b)(6) for failure to state a valid claim.[1]

The district court dismissed McKinney's Title VII claims against the individual defendants. Title VII claims can only be brought against employers, not co-employees. *See Miller v. Maxwell's Int'l,* 991 F.2d 583, 587 (9th Cir.1993). The district court properly dismissed these claims under Federal Rule of Civil Procedure 12(b)(6).

 The district court dismissed McKinney's 42 U.S.C. §§ 1981–83 claims as time-barred by the statute of limitations. Civil rights claims arising under 42 U.S.C. §§ 1981–83 are subject to states' statutes of limitations for personal injury claims. *See Goodman v. Lukens Steel Co.,* 482 U.S. 656, 107 S.Ct. 2617, 96 L.Ed.2d 572 (1987); *Ortiz v. County of Orange,* 152 F.3d 928 (9th Cir.1998). Nevada limits personal injury claims to two years. *See* Nev.Rev.Stat. 11.190(4)(e). McKinney alleges discrimination ending on December 31, 1992. McKinney did not file his complaint until December 28, 1999. This period exceeds the statute of limitations by approximately five years. The district court correctly dismissed these claims under Federal Rule of Civil Procedure 12(b)(6).

AFFIRMED.

---

1. Since the district court did not designate that these claims were dismissed with or without prejudice, their dismissals are deemed to be *with prejudice. See* Federal Rule of Civil Procedure 41(b) ("Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits."); *see also Semtek Int'l v. Lockheed Martin Corp.,* 531 U.S. 497, 121 S.Ct. 1021, 1023, 149 L.Ed.2d 32 (2001).

