**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 24 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

DAVID JAY BROWN,

      Petitioner - Appellee,

v.

MIKE MULLIN, Warden, Oklahoma
State Penitentiary,

      Respondent - Appellant.

No. 03-6081
(D.C. No. CIV-03-113-A)
(W.D. Oklahoma)

---

**ORDER AND JUDGMENT**[*]

---

Before **EBEL,** Circuit Judge, **BRORBY**, Senior Circuit Judge, and **BRISCOE**,
Circuit Judge.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

the appeal in Case No. 03-6081. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R.

34.1(G). The case is therefore ordered submitted without oral argument.

Respondent Mike Mullin appeals from the district court's entry of a stay of

execution for petitioner David Jay Brown. We exercise jurisdiction pursuant to

---

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

28 U.S.C. § 1292(a)(1) and reverse.  We also deny as moot Brown's motion for appointment of counsel.

I.

Brown, an Oklahoma death row inmate, was convicted in 1988 of first degree murder and sentenced to death.  After exhausting his remedies in the Oklahoma courts, Brown sought and was denied federal habeas relief.  Brown v. Gibson, 7 Fed. Appx. 894 (10th Cir. 2001) (affirming district court's denial of federal habeas relief), cert. denied, 534 U.S. 1057 (2001).  Brown then returned to state court by filing an application for post-conviction relief (his second) with the Oklahoma Court of Criminal Appeals (OCCA).  In pertinent part, Brown's application asserted that the prosecution failed to disclose material impeachment evidence in violation of Brady v. Maryland, 373 U.S. 83 (1963), and knowingly argued a theory of guilt it knew to be false, in violation of Napue v. Illinois, 360 U.S. 264 (1959).  After initially reviewing Brown's application, the OCCA stayed his scheduled execution and remanded the case to state district court for an evidentiary hearing on his claims.

Before an evidentiary hearing could be conducted, a conflict arose involving Brown's counsel (federal public defenders appointed by the federal district court that heard Brown's initial petition for federal habeas relief), the federal district court that appointed Brown's counsel, and the OCCA.  The federal district court ruled that Brown's counsel could not continue to represent Brown in

state court. Based on that ruling, Brown's counsel sought to withdraw from the ongoing state proceedings. The OCCA denied the motion to withdraw. The stalemate continued thereafter, with the district court and the OCCA maintaining their positions. Ultimately, the OCCA entered a *sua sponte* order withdrawing the case from the state district court's jurisdiction, dismissing the application for post-conviction relief without prejudice, and rescheduling Brown's execution for March 27, 2003.

Brown filed a petition for federal habeas relief pursuant to 28 U.S.C. 2254, asserting that the OCCA's treatment of his application for post-conviction relief violated the Fourteenth Amendment's Due Process and Equal Protection clauses, the Supremacy Clause, and the right to petition guaranteed by the First and Fourteenth Amendments. In connection with his petition, Brown filed a motion for stay of execution. The district court granted Brown's motion for stay on March 14, 2003. Although Brown's federal habeas petition remains pending before the district court, respondent appeals from the district court's stay of execution.

## II.

Under 28 U.S.C. § 2251, a federal court "before whom a habeas corpus proceeding is pending" may enjoin related state court proceedings, including a scheduled execution. See McFarland v. Scott, 512 U.S. 849, 858 (1994). In doing so, "it must apply a four-part test: whether the movant has made a showing

of likelihood of success on the merits and of irreparable injury if the stay is not granted, whether the stay would substantially harm other parties, and whether granting the stay would serve the public interest." Bundy v. Wainwright, 808 F.2d 1410, 1421 (11th Cir. 1987); see also Barefoot v. Estelle, 463 U.S. 880, 895 (1983) (adopting similar standard for stay of execution pending the filing and consideration of a petition for writ of certiorari). "The standard of review of a stay of execution issued by a district court is abuse of discretion." Hauser v. Moore, 223 F.3d 1316, 1321 (11th Cir. 2000); cf. Hawkins v. City & County of Denver, 170 F.3d 1281, 1292 (10th Cir. 1999) (applying abuse of discretion standard to district court's ruling on request for preliminary injunction).

After reviewing the parties' pleadings, we conclude that Brown has failed to establish a likelihood of success on the merits of the claims asserted in his current federal habeas petition. Although Brown alleges the OCCA violated his constitutional rights by dismissing his application for post-conviction relief, the critical fact, in our view, is that the dismissal was without prejudice. Thus, as pointed out by respondent, it appears clear that Brown retains the right to pursue his claims in the OCCA by refiling his application for post-conviction relief. See Semtek Int'l Inc. v. Lockheed Martin Corp., 531 U.S. 497, 498 (2001) (indicating that a dismissal without prejudice allows refiling of the same claim in the same court). Given these circumstances, we fail to see how Brown can demonstrate that the OCCA's dismissal violated his constitutional rights, or how the OCCA's

actions could possibly entitle him to relief from his conviction and sentence.

III.

Also before us is Brown's motion for appointment of counsel to represent him in this appeal. Because the record on appeal indicates the district court appointed counsel to represent Brown in his current federal habeas proceeding, and because that appointment necessarily extends to this interlocutory appeal, see 21 U.S.C. § 848(q)(8), we conclude Brown's motion is moot.

The district court's stay of petitioner David Jay Brown's execution is REVERSED. Brown's motion for appointment of counsel is DENIED as moot. The mandate shall issue forthwith.

ENTERED FOR THE COURT

Mary Beck Briscoe
Circuit Judge