# SEMTEK INTERNATIONAL INC. *v.* LOCKHEED MARTIN CORP.

No. 99–1551.   Argued December 5, 2000—Decided February 27, 2001

SCALIA, J., delivered the opinion for a unanimous Court.

*Michael Gottesman* argued the cause for petitioner. With him on the briefs were *Jonathan S. Massey, Kenneth J. Chesebro, Thomas V. Girardi, Thomas C. Goldstein, Walter J. Lack, Andrew W. Zepeda,* and *Steven L. Hogan.*

*Walter E. Dellinger* argued the cause for respondent. With him on the brief were *Robert E. Willett, Francis B. Burch, Jr.,* and *Martin H. Redish.**

JUSTICE SCALIA delivered the opinion of the Court.

This case presents the question whether the claim-preclusive effect of a federal judgment dismissing a diversity action on statute-of-limitations grounds is determined by the law of the State in which the federal court sits.

I

Petitioner filed a complaint against respondent in California state court, alleging inducement of breach of contract and various business torts. Respondent removed the case to the United States District Court for the Central District of California on the basis of diversity of citizenship, see 28 U. S. C. §§ 1332, 1441 (1994 ed. and Supp. IV), and successfully moved to dismiss petitioner's claims as barred by California's 2-year statute of limitations. In its order of dismissal, the District Court, adopting language suggested by respondent, dismissed petitioner's claims "in [their] entirety on the merits and with prejudice." App. to Pet. for Cert. 59a. Without contesting the District Court's designation of its dismissal as "on the merits," petitioner appealed to the Court of Appeals for the Ninth Circuit, which affirmed the District Court's order. 168 F. 3d 501 (1999) (table). Petitioner also brought suit against respondent in the State Circuit Court for Baltimore City, Maryland, alleging the same causes of action, which were not time barred under Maryland's 3-year statute of limitations. Respondent sought injunctive relief against this action from the California federal court under the All Writs Act, 28 U. S. C. § 1651, and removed the action to the United States District Court for the

---

*Griffin B. Bell, Chilton Davis Varner, Paul D. Clement,* and *Jeffrey S. Bucholtz* filed a brief for the Product Liability Advisory Council, Inc., as *amicus curiae* urging affirmance.

District of Maryland on federal-question grounds (diversity grounds were not available because Lockheed "is a Maryland citizen," *Semtek Int'l, Inc.* v. *Lockheed Martin Corp.*, 988 F. Supp. 913, 914 (1997)). The California federal court denied the relief requested, and the Maryland federal court remanded the case to state court because the federal question arose only by way of defense, *ibid.* Following a hearing, the Maryland state court granted respondent's motion to dismiss on the ground of res judicata. Petitioner then returned to the California federal court and the Ninth Circuit, unsuccessfully moving both courts to amend the former's earlier order so as to indicate that the dismissal was not "on the merits." Petitioner also appealed the Maryland trial court's order of dismissal to the Maryland Court of Special Appeals. The Court of Special Appeals affirmed, holding that, regardless of whether California would have accorded claim-preclusive effect to a statute-of-limitations dismissal by one of its own courts, the dismissal by the California federal court barred the complaint filed in Maryland, since the res judicata effect of federal diversity judgments is prescribed by federal law, under which the earlier dismissal was on the merits and claim preclusive. 128 Md. App. 39, 736 A. 2d 1104 (1999). After the Maryland Court of Appeals declined to review the case, we granted certiorari. 530 U. S. 1260 (2000).

## II

Petitioner contends that the outcome of this case is controlled by *Dupasseur* v. *Rochereau*, 21 Wall. 130, 135 (1875), which held that the res judicata effect of a federal diversity judgment "is such as would belong to judgments of the State courts rendered under similar circumstances," and may not be accorded any "higher sanctity or effect." Since, petitioner argues, the dismissal of an action on statute-of-limitations grounds by a California state court would not be claim preclusive, it follows that the similar dismissal of this diversity action by the California federal court cannot be

claim preclusive. While we agree that this would be the result demanded by *Dupasseur*, the case is not dispositive because it was decided under the Conformity Act of 1872, 17 Stat. 196, which required federal courts to apply the procedural law of the forum State in nonequity cases. That arguably affected the outcome of the case. See *Dupasseur*, *supra*, at 135. See also Restatement (Second) of Judgments §87, Comment *a*, p. 315 (1980) (hereinafter Restatement) ("Since procedural law largely determines the matters that may be adjudicated in an action, state law had to be considered in ascertaining the effect of a federal judgment").

Respondent, for its part, contends that the outcome of this case is controlled by Federal Rule of Civil Procedure 41(b), which provides as follows:

> "Involuntary Dismissal: Effect Thereof. For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits."

Since the dismissal here did not "otherwise specif[y]" (indeed, it specifically stated that it *was* "on the merits"), and did not pertain to the excepted subjects of jurisdiction, venue, or joinder, it follows, respondent contends, that the dismissal "is entitled to claim preclusive effect." Brief for Respondent 3–4.

Implicit in this reasoning is the unstated minor premise that all judgments denominated "on the merits" are entitled to claim-preclusive effect. That premise is not necessarily valid. The original connotation of an "on the merits" adjudication is one that actually "pass[es] directly on the substance

of [a particular] claim" before the court. Restatement § 19, Comment *a*, at 161. That connotation remains common to every jurisdiction of which we are aware. See *ibid.* ("The prototyp[ical] [judgment on the merits is] one in which the merits of [a party's] claim are in fact adjudicated [for or] against the [party] after trial of the substantive issues"). And it is, we think, the meaning intended in those many statements to the effect that a judgment "on the merits" triggers the doctrine of res judicata or claim preclusion. See, *e. g., Parklane Hosiery Co.* v. *Shore,* 439 U. S. 322, 326, n. 5 (1979) ("Under the doctrine of res judicata, a judgment on the merits in a prior suit bars a second suit involving the same parties or their privies based on the same cause of action"); *Goddard* v. *Security Title Ins. & Guarantee Co.,* 14 Cal. 2d 47, 51, 92 P. 2d 804, 806 (1939) ("[A] final judgment, rendered upon the merits by a court having jurisdiction of the cause . . . is a complete bar to a new suit between [the parties or their privies] on the same cause of action" (internal quotation marks and citations omitted)).

But over the years the meaning of the term "judgment on the merits" "has gradually undergone change," R. Marcus, M. Redish, & E. Sherman, Civil Procedure: A Modern Approach 1140–1141 (3d ed. 2000), and it has come to be applied to some judgments (such as the one involved here) that do *not* pass upon the substantive merits of a claim and hence do *not* (in many jurisdictions) entail claim-preclusive effect. Compare, *e. g., Western Coal & Mining Co.* v. *Jones,* 27 Cal. 2d 819, 826, 167 P. 2d 719, 724 (1946), and *Koch* v. *Rodlin Enterprises, Inc.,* 223 Cal. App. 3d 1591, 1596, 273 Cal. Rptr. 438, 441 (1990), with *Plaut* v. *Spendthrift Farm, Inc.,* 514 U. S. 211, 228 (1995) (statute of limitations); *Goddard, supra,* at 50–51, 92 P. 2d, at 806–807, and *Allston* v. *Incorporated Village of Rockville Centre,* 25 App. Div. 2d 545, 546, 267 N. Y. S. 2d 564, 565–566 (1966), with *Federated Department Stores, Inc.* v. *Moitie,* 452 U. S. 394, 399, n. 3 (1981) (demurrer or failure to state a claim). See also Restatement § 19, Com-

ment *a* and Reporter's Note; 18 C. Wright, A. Miller, & E. Cooper, Federal Practice and Procedure § 4439, pp. 355–358 (1981) (hereinafter Wright & Miller). That is why the Restatement of Judgments has abandoned the use of the term—"because of its possibly misleading connotations," Restatement § 19, Comment *a*, at 161.

In short, it is no longer true that a judgment "on the merits" is necessarily a judgment entitled to claim-preclusive effect; and there are a number of reasons for believing that the phrase "adjudication upon the merits" does not bear that meaning in Rule 41(b). To begin with, Rule 41(b) sets forth nothing more than a default rule for determining the import of a dismissal (a dismissal is "upon the merits," with the three stated exceptions, unless the court "otherwise specifies"). This would be a highly peculiar context in which to announce a federally prescribed rule on the complex question of claim preclusion, saying in effect, "All federal dismissals (with three specified exceptions) preclude suit elsewhere, unless the court otherwise specifies."

And even apart from the purely default character of Rule 41(b), it would be peculiar to find a rule governing the effect that must be accorded federal judgments by other courts ensconced in rules governing the internal procedures of the rendering court itself. Indeed, such a rule would arguably violate the jurisdictional limitation of the Rules Enabling Act: that the Rules "shall not abridge, enlarge or modify any substantive right," 28 U. S. C. § 2072(b). Cf. *Ortiz* v. *Fibreboard Corp.*, 527 U. S. 815, 842 (1999) (adopting a "limiting construction" of Federal Rule of Civil Procedure 23(b)(1)(B) in order to "minimiz[e] potential conflict with the Rules Enabling Act, and [to] avoi[d] serious constitutional concerns"). In the present case, for example, if California law left petitioner free to sue on this claim in Maryland even after the California statute of limitations had expired, the federal court's extinguishment of that right (through Rule 41(b)'s

mandated claim-preclusive effect of its judgment) would seem to violate this limitation.

Moreover, as so interpreted, the Rule would in many cases violate the federalism principle of *Erie R. Co.* v. *Tompkins,* 304 U. S. 64, 78–80 (1938), by engendering "'substantial' variations [in outcomes] between state and federal litigation" which would "[l]ikely . . . influence the choice of a forum," *Hanna* v. *Plumer,* 380 U. S. 460, 467–468 (1965). See also *Guaranty Trust Co.* v. *York,* 326 U. S. 99, 108–110 (1945). Cf. *Walker* v. *Armco Steel Corp.,* 446 U. S. 740, 748–753 (1980). With regard to the claim-preclusion issue involved in the present case, for example, the traditional rule is that expiration of the applicable statute of limitations merely bars the remedy and does not extinguish the substantive right, so that dismissal on that ground does not have claim-preclusive effect in other jurisdictions with longer, unexpired limitations periods. See Restatement (Second) of Conflict of Laws §§ 142(2), 143 (1969); Restatement of Judgments § 49, Comment *a* (1942). Out-of-state defendants sued on stale claims in California and in other States adhering to this traditional rule would systematically remove state-law suits brought against them to federal court—where, unless otherwise specified, a statute-of-limitations dismissal would bar suit everywhere.[1]

Finally, if Rule 41(b) did mean what respondent suggests, we would surely have relied upon it in our cases recognizing the claim-preclusive effect of federal judgments in federal-question cases. Yet for over half a century since the pro-

---

[1] Rule 41(b), interpreted as a preclusion-establishing rule, would not have the two effects described in the preceding paragraphs—arguable violation of the Rules Enabling Act and incompatibility with *Erie R. Co.* v. *Tompkins,* 304 U. S. 64 (1938)—if the court's failure to specify an other-than-on-the-merits dismissal were subject to reversal on appeal whenever it would alter the rule of claim preclusion applied by the State in which the federal court sits. No one suggests that this is the rule, and we are aware of no case that applies it.

mulgation of Rule 41(b), we have not once done so. See, *e. g.*, *Heck* v. *Humphrey*, 512 U. S. 477, 488–489, n. 9 (1994); *Federated Department Stores, Inc.* v. *Moitie, supra*, at 398; *Blonder-Tongue Laboratories, Inc.* v. *University of Ill. Foundation*, 402 U. S. 313, 324, n. 12 (1971).

We think the key to a more reasonable interpretation of the meaning of "operates as an adjudication upon the merits" in Rule 41(b) is to be found in Rule 41(a), which, in discussing the effect of voluntary dismissal by the plaintiff, makes clear that an "adjudication upon the merits" is the opposite of a "dismissal without prejudice":

> "Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of the United States or of any state an action based on or including the same claim."

See also 18 Wright & Miller § 4435, at 329, n. 4 ("Both parts of Rule 41 . . . use the phrase 'without prejudice' as a contrast to adjudication on the merits"); 9 *id.*, § 2373, at 396, n. 4 ("'[W]ith prejudice' is an acceptable form of shorthand for 'an adjudication upon the merits'"). See also *Goddard*, 14 Cal. 2d, at 54, 92 P. 2d, at 808 (stating that a dismissal "with prejudice" evinces "[t]he intention of the court to make [the dismissal] on the merits"). The primary meaning of "dismissal without prejudice," we think, is dismissal without barring the plaintiff from returning later, to the same court, with the same underlying claim. That will also ordinarily (though not always) have the consequence of not barring the claim from *other* courts, but its primary meaning relates to the dismissing court itself. Thus, Black's Law Dictionary (7th ed. 1999) defines "dismissed without prejudice" as "removed from the court's docket in such a way that the plaintiff may refile the same suit on the same claim," *id.*, at 482, and defines "dismissal without prejudice" as "[a] dismissal that

does not bar the plaintiff from refiling the lawsuit within the applicable limitations period," *ibid.*

We think, then, that the effect of the "adjudication upon the merits" default provision of Rule 41(b)—and, presumably, of the explicit order in the present case that used the language of that default provision—is simply that, unlike a dismissal "without prejudice," the dismissal in the present case barred refiling of the same claim in the United States District Court for the Central District of California. That is undoubtedly a necessary condition, but it is not a sufficient one, for claim-preclusive effect in other courts.[2]

## III

Having concluded that the claim-preclusive effect, in Maryland, of this California federal diversity judgment is dictated neither by *Dupasseur* v. *Rochereau,* as petitioner contends, nor by Rule 41(b), as respondent contends, we turn to consideration of what determines the issue. Neither the Full Faith and Credit Clause, U. S. Const., Art. IV, § 1,[3] nor the full faith and credit statute, 28 U. S. C. § 1738,[4] ad-

---

[2] We do not decide whether, in a diversity case, a federal court's "dismissal upon the merits" (in the sense we have described), under circumstances where a state court would decree only a "dismissal without prejudice," abridges a "substantive right" and thus exceeds the authorization of the Rules Enabling Act. We think the situation will present itself more rarely than would the arguable violation of the Act that would ensue from interpreting Rule 41(b) as a rule of claim preclusion; and if it is a violation, can be more easily dealt with on direct appeal.

[3] Article IV, § 1, provides as follows:

"Full Faith and Credit shall be given in each State to the public Acts, Records, and judicial Proceedings of every other State. And the Congress may by general Laws prescribe the Manner in which such Acts, Records and Proceedings shall be proved, and the Effect thereof."

[4] Title 28 U. S. C. § 1738 provides in relevant part as follows:

"The records and judicial proceedings of any court of any . . . State, Territory or Possession . . . shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State, Territory or Possession from which they are taken."

dresses the question. By their terms they govern the effects to be given only to state-court judgments (and, in the case of the statute, to judgments by courts of territories and possessions). And no other federal textual provision, neither of the Constitution nor of any statute, addresses the claim-preclusive effect of a judgment in a federal diversity action.

It is also true, however, that no federal textual provision addresses the claim-preclusive effect of a federal-court judgment in a federal-question case, yet we have long held that States cannot give those judgments merely whatever effect they would give their own judgments, but must accord them the effect that this Court prescribes. See *Stoll* v. *Gottlieb*, 305 U. S. 165, 171–172 (1938); *Gunter* v. *Atlantic Coast Line R. Co.*, 200 U. S. 273, 290–291 (1906); *Deposit Bank* v. *Frankfort*, 191 U. S. 499, 514–515 (1903). The reasoning of that line of cases suggests, moreover, that even when States are allowed to give federal judgments (notably, judgments in diversity cases) no more than the effect accorded to state judgments, that disposition is by direction of *this* Court, which has the last word on the claim-preclusive effect of *all* federal judgments:

> "It is true that for some purposes and within certain limits it is only required that the judgments of the courts of the United States shall be given the same force and effect as are given the judgments of the courts of the States wherein they are rendered; but it is equally true that whether a Federal judgment has been given due force and effect in the state court is a Federal question reviewable by this court, which will determine for itself whether such judgment has been given due weight or otherwise. . . .

> "When is the state court obliged to give to Federal judgments only the force and effect it gives to state court judgments within its own jurisdiction? Such cases are distinctly pointed out in the opinion of Mr. Jus-

tice Bradley in *Dupasseur* v. *Rochereau* [which stated that the case was a diversity case, applying state law under state procedure]." *Ibid.*

In other words, in *Dupasseur* the State was allowed (indeed, required) to give a federal diversity judgment no more effect than it would accord one of its own judgments only because reference to state law was *the federal rule that this Court deemed appropriate.* In short, federal common law governs the claim-preclusive effect of a dismissal by a federal court sitting in diversity. See generally R. Fallon, D. Meltzer, & D. Shapiro, Hart and Wechsler's The Federal Courts and the Federal System 1473 (4th ed. 1996); Degnan, Federalized Res Judicata, 85 Yale L. J. 741 (1976).

It is left to us, then, to determine the appropriate federal rule. And despite the sea change that has occurred in the background law since *Dupasseur* was decided—not only repeal of the Conformity Act but also the watershed decision of this Court in *Erie*—we think the result decreed by *Dupasseur* continues to be correct for diversity cases. Since state, rather than federal, substantive law is at issue there is no need for a uniform federal rule. And indeed, nationwide uniformity in the substance of the matter is better served by having the same claim-preclusive rule (the state rule) apply whether the dismissal has been ordered by a state or a federal court. This is, it seems to us, a classic case for adopting, as the federally prescribed rule of decision, the law that would be applied by state courts in the State in which the federal diversity court sits. See *Gasperini* v. *Center for Humanities, Inc.*, 518 U. S. 415, 429–431 (1996); *Walker* v. *Armco Steel Corp.*, 446 U. S., at 752–753; *Bernhardt* v. *Polygraphic Co. of America*, 350 U. S. 198, 202–205 (1956); *Palmer* v. *Hoffman*, 318 U. S. 109, 117 (1943); *Klaxon Co.* v. *Stentor Elec. Mfg. Co.*, 313 U. S. 487, 496 (1941); *Cities Service Oil Co.* v. *Dunlap*, 308 U. S. 208, 212 (1939). As we have alluded to above, any other rule would produce the sort of "forum-shopping . . . and . . . inequitable ad-

ministration of the laws" that *Erie* seeks to avoid, *Hanna*, 380 U. S., at 468, since filing in, or removing to, federal court would be encouraged by the divergent effects that the litigants would anticipate from likely grounds of dismissal. See *Guaranty Trust Co.* v. *York*, 326 U. S., at 109–110.

This federal reference to state law will not obtain, of course, in situations in which the state law is incompatible with federal interests. If, for example, state law did not accord claim-preclusive effect to dismissals for willful violation of discovery orders, federal courts' interest in the integrity of their own processes might justify a contrary federal rule. No such conflict with potential federal interests exists in the present case. Dismissal of this state cause of action was decreed by the California federal court only because the California statute of limitations so required; and there is no conceivable federal interest in giving that time bar more effect in other courts than the California courts themselves would impose.

\* \* \*

Because the claim-preclusive effect of the California federal court's dismissal "upon the merits" of petitioner's action on statute-of-limitations grounds is governed by a federal rule that in turn incorporates California's law of claim preclusion (the content of which we do not pass upon today), the Maryland Court of Special Appeals erred in holding that the dismissal necessarily precluded the bringing of this action in the Maryland courts. The judgment is reversed, and the case remanded for further proceedings not inconsistent with this opinion.

*It is so ordered.*