# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-3218

_____

Lance Gerald Milliman,    *
                          *
            Appellant,    *
                          *
      v.                  *    Appeal from the United States
                          *    District Court for the District
Betty Jean Lindemoen; Charles    *    of Minnesota.
Weaver; Beverly Anderson; Kim    *
Brandell; Susan Fallek Rogers; Colia    *    [UNPUBLISHED]
Ceisel; Susan Nyklebye Williams;    *
Janice Allen; Dorrie Estebo; Bethany    *
Lindberg; Robert Tipp; Kelly O'Brien,    *
                          *
            Appellees.    *

_____

Submitted: March 7, 2002

Filed: March 11, 2002 (Corrected 3/18/02)

_____

Before BOWMAN, FAGG, and RILEY, Circuit Judges.

_____

PER CURIAM.

      Lance Gerald Milliman appeals the district court's preservice dismissal of his
42 U.S.C. § 1983 action and denial of his motion for a temporary restraining order
(TRO).  We grant his request to appeal in forma pauperis.

In November 2000, before bringing this lawsuit, Milliman filed a federal lawsuit against the current defendants claiming, among other things, violations of his federal constitutional rights, and requesting a TRO. "[F]or the reasons set forth at [a] hearing" (which was not transcribed), the district court dismissed the lawsuit without prejudice. (D. Ct. No. 00-2574 Doc. 9.) This court affirmed on appeal. See Milliman v. Lindemoen, No. 01-1225 (8th Cir. July 18, 2001) (unpublished). Milliman then filed the complaint and TRO request in this action, which appear virtually identical to the earlier filings; simultaneously, however, he filed an "amendment of the complaint" asserting new claims, at least one of which may have arisen after he filed the first lawsuit. A different district court judge sua sponte dismissed Milliman's action on res judicata grounds.

Having reviewed the available record, we cannot affirmatively conclude res judicata bars this lawsuit. See Semtek Int'l, Inc. v. Lockheed Martin Corp., 531 U.S. 497, 505 (2001) ("dismissal without prejudice" primarily means dismissal without barring plaintiff from returning to same court with same claim); cf. Pace Indus., Inc. v. NLRB, 118 F.3d 585, 589 (8th Cir. 1997) (res judicata bars not only relitigation of claims that party raised, but claims party could have raised in earlier adjudication), cert. denied, 523 U.S. 1020 (1998). Accordingly, we vacate the dismissal and remand to the district court for further proceedings.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-2-