Slip Op. 05-146

UNITED STATES COURT OF INTERNATIONAL TRADE

_____
                                  x
ZHEJIANG NATIVE PRODUCE AND       :
ANIMAL BY-PRODUCTS IMPORT &       :
EXPORT GROUP CORP.,               :
                                  :
          Plaintiff,              :
                                  :
                                  :
     v.                           :
                                  : Before: Richard K. Eaton, Judge
                                  :
UNITED STATES,                    : Court No. 04-00268
                                  :
          Defendant,              :
                                  :
          and                     :
                                  :
THE AMERICAN HONEY PRODUCERS      :
ASSOCIATION AND THE SIOUX         :
HONEY ASSOCIATION,                :
                                  :
          Def.-Intervenors.       :
_____x

OPINION AND ORDER

[Defendant-Intervenors' motion to dismiss denied]

Dated: November 8, 2005

*Grunfeld*, *Desiderio*, *Lebowitz*, *Silverman & Klestadt LLP* (*Mark E. Pardo*, *Bruce M. Mitchell*, *Adam M. Dambrov*, and *Paul G. Figueroa*), for plaintiff.

Peter D. Keisler, Assistant Attorney General, United States Department of Justice; David M. Cohen, Director, Civil Division, Commercial Litigation Branch, United States Department of Justice; Patricia M. McCarthy, Assistant Director, Civil Division, Commercial Litigation Branch, United States Department Justice (*David S. Silverbrand*); of counsel, Office of the Chief Counsel for Import Administration, United States Department of Commerce (*James K. Lockett*), for defendant.

*Collier*, *Shannon*, *Scott*, *PLLC* (*Michael J. Coursey*, *Jennifer E. McCadney*, *R. Alan Luberda*, and *Adam H. Gordon*), for defendant-intervenors.

Eaton, Judge: Before the court is the Motion to Dismiss for Lack of Subject Matter Jurisdiction of Defendant-Intervenors the American Honey Producers Association and the Sioux Honey Association.  For the following reasons the motion is denied.

BACKGROUND

A.    The 227[1] Filing

On May 5, 2004, the United States Department of Commerce ("Commerce") published a notice of the results of its review of the antidumping order covering "natural honey, artificial honey containing more than 50 percent natural honey by weight, preparations of natural honey containing more than 50 percent natural honey by weight, and flavored honey" from the People's Republic of China ("PRC").  *See* Honey From the PRC, 69 Fed. Reg. 25,060, 25,060 (ITA May 5, 2004) (final determination) ("Final Results").  By this publication, Commerce gave notice that the Final Results assigned Plaintiff Zhejiang Native Produce and Animal By-Products Import & Export Group Corporation ("Zhejiang") a weighted-average antidumping duty margin of 68.35%.  *See id*. at 25,062.  Commerce further gave notice that Zhejiang's margin "shall remain in effect until publication of the final results of

---

[1]    As an aid to the reader, the court refers to the two filings relevant to its discussion, and the papers filed in conjunction therewith, by the last three digits of the filings' court-assigned docket numbers.

the next administrative review."  *Id*.

On June 1, 2004, Plaintiff filed a summons with the Court generally stating that it was contesting the Final Results.  *See* Summons of 6/1/04 ("227 Summons") at ¶ 2.  In that filing, Plaintiff identified 28 U.S.C. § 1581(c) and 19 U.S.C. §§ 1516a(a)(2)(A)(i)(I), (a)(2)(B)(iii) as the bases of the Court's jurisdiction.  *See id*.  The Clerk of the Court accepted this filing and assigned it Court Number 04-00227 ("227 Filing").  *See generally* Summons of 6/1/2004.  The 227 Summons having been accepted for filing pursuant to statute and the Court's Rules, Plaintiff had 30 days within which to file a complaint, thereby commencing the action.  *See* 19 U.S.C. § 1516a,[2] USCIT R. 3(a)(2)

---

[2]     Section 1516a reads, in relevant part:

(A) In general.  Within thirty days after–

> (i) the date of publication in the Federal Register of–

>> (I) notice of any determination described in clause (ii), (iii), (iv), (v), or (viii) of subparagraph (B), . . .

an interested party who is a party to the proceeding in connection with which the matter arises may commence an action in the United States Court of International Trade by filing a summons, and within thirty days thereafter a complaint, each with the content and in the form, manner, and style prescribed by the rules of that court, contesting any factual findings or legal

(continued...)

("A civil action is commenced by filing with the clerk of the court: . . . [a] summons, and within 30 days thereafter a complaint, in an action described in 28 U.S.C. § 1581(c) . . . ."). On July 1, 2004, 30 days had elapsed from the filing of the 227 Summons without the Plaintiff filing a complaint. On July 30, 2004, the Clerk of the Court dismissed the 227 Filing citing lack of prosecution. *See* Order of Dismissal of 7/30/04 ("[I]t is hereby ordered that this action is dismissed for lack of prosecution pursuant to USCIT Rules 41(b)(2) and 82(b)(7).").

B.    The 268 Filing

On June 10, 2004, Commerce published an amendment to the Final Results. *See* Honey From the PRC, 69 Fed. Reg. 32,494 (ITA June 10, 2004) (am. final determination) ("Amended Final Results"). In the Amended Final Results, Commerce stated that

---

[2](...continued)
conclusions upon which the determination is based.

(B) Reviewable determinations. The determinations which may be contested under subparagraph (A) are as follows: . . .

> (iii) A final determination, other than a determination reviewable under paragraph (1), by the administering authority or the Commission under [19 U.S.C. § 1675] . . . .

19 U.S.C. § 1516a(a)(2)(A), (B) (2000).

"we received timely-filed ministerial error allegations from

respondent, Zhejiang . . . . We did not receive comments from

petitioners. Based on our analysis of Zhejiang's ministerial

error allegations, the Department has revised the antidumping

duty rate for Zhejiang. Accordingly, we are amending the final

results." *Id.* (footnote omitted). Commerce cited 19 U.S.C. §

1675(h) as its authority for amending the Final Results.[3] *Id.*

As a result of Commerce's amendment, Zhejiang's antidumping duty

margin was lowered from 68.35% to 67.70%. *Id.* at 32,495. The

notice further stated that "[t]he amended cash deposit

requirement is effective for all shipments of subject merchandise

from Zhejiang entered, or withdrawn from warehouse, for

consumption on or after the date of publication of this

─────────────────

[3]     Section 1675(h) provides:

The administering authority shall establish procedures
for the correction of ministerial errors in final
determinations within a reasonable time after the
determinations are issued under this section. Such
procedures shall ensure opportunity for interested
parties to present their views regarding any such
errors. As used in this subsection, the term
"ministerial error" includes errors in addition,
subtraction, or other arithmetic function, clerical
errors resulting from inaccurate copying, duplication,
or the like, and any other type of unintentional error
which the administering authority considers
ministerial.

19 U.S.C. § 1675(h) (2000); *see also* 19 C.F.R. § 351.224(f)
(2004) (setting out the procedures for correction of ministerial
errors).

notice . . . ."  *Id.*


On July 6, 2004, Plaintiff filed a second summons with the Court.  *See* Summons of 7/6/04.  In this filing Plaintiff generally stated that it was contesting the determination contained in the Final Results as modified by the Amended Final Results.  *See id.* at ¶ 2.  Again, Plaintiff alleged the bases of the Court's jurisdiction to be 28 U.S.C. § 1581(c) and 19 U.S.C. §§ 1516a(a)(2)(A)(i)(I), (a)(2)(B)(iii).  *See id.*  The Clerk of the Court accepted this filing and assigned it Court Number 04-00268 ("268 Filing").  *See id.* at 1.  On that same day, Plaintiff filed a complaint to complete the commencement of the action. *See* Compl. of 7/6/04.


STANDARD OF REVIEW

Where the Court's jurisdiction is challenged, "the plaintiff bears the burden of proving that the court's jurisdiction is invoked properly."  *Pentax Corp. v. Robison*, 125 F.3d 1457, 1462 (Fed. Cir. 1997)(citing *Lowa, Ltd. v. United States*, 5 CIT 81, 83, 561 F. Supp. 441, 443 (1983)).  At the same time, "the Court assumes that 'all well-pled factual allegations are true,' construing 'all reasonable inferences in favor of the nonmovant.'" *United States v. Islip*, 22 CIT 852, 854, 18 F. Supp. 2d 1047, 1051 (1998) (quoting *Gould, Inc. v. United States*, 935

F.2d 1271, 1274 (Fed. Cir. 1991)).


                              DISCUSSION

     Defendant-Intervenors advance three main arguments in support of their claim that the court does not have jurisdiction over the 268 Filing.  First, they contend that the court cannot base its review on the Amended Final Results because "[an] amendment to the final results is not a 'reviewable' determination for purposes of 19 U.S.C. § 1516a(a)(2)(B)(iii)." Br. in Supp. of Def.-Intervenors' Mot. to Dismiss for Lack of Jurisdiction ("Def.-Intervenors' Mem.") at 6.  Second, in an argument related to the first, they contend that the court does not have jurisdiction over the 268 Filing under the doctrine of sovereign immunity.  *See id*. at 3.  Finally, Defendant-Intervenors argue that the court cannot review any questions arising from the Amended Final Results because, as a result of the dismissal of the 227 Filing, the court has adjudicated all issues relating to the 268 Filing pursuant to USCIT Rule 41. Thus, according to Defendant-Intervenors, the court is barred by the doctrine of *res judicata* from hearing those issues.  *See id*. at 12.

A.   The Amended Final Results contain a "Final
     Determination" Subject to Judicial Review

Defendant-Intervenors argue that "19 U.S.C. § 1516a(a)(2)(A)

does not permit Zhejiang to use the amended determination found

in the Amended Final Results as the basis for the start of the

jurisdictional clock," because the determination contained in the

Amended Final Results is not a judicially reviewable "final

determination" within the meaning of the statute.  *See* Def.-

Intervenors' Mem. at 5-6.[4]  Specifically, they contend that the

Amended Final Results cannot serve as the basis of this Court's

jurisdiction because "[t]he Amended Final Results have no

independent legal status under the statute apart from the Final

Results as published on May 5, 2004.  The Amended Final Results

merely exist in reference back to the original Final Results

which establish the basis for any judicial review."  *Id*. at 6

(emphasis in original); *see* 19 U.S.C. § 1516a(a)(2)(A); 19 C.F.R.

§ 351.210 (2004).[5]  Thus, for Defendant-Intervenors the Final

---

[4]     Defendant United States agrees with Plaintiff's
position that the court possesses jurisdiction over the 268
Filing.  *See* Def.'s Resp. to Def.-Intervenors' Motion to Dismiss
at 3 ("Because Zhejiang filed its summons and complaint within 30
days of the Amended Final Results, pursuant to 19 U.S.C. § 1516a
and 28 U.S.C. § 1581(c), this Court possesses subject matter
jurisdiction to entertain this action.").

[5]     Commerce's regulations provide that "[a] 'final
determination' in an antidumping or countervailing duty
investigation constitutes a final decision by the Secretary as to
whether dumping or countervailable subsidization is occurring."
(continued...)

Results contain a final determination within the meaning of 19
U.S.C. § 1516a(a) but the Amended Final Results do not.[6]

In response, Plaintiff argues that the Amended Final Results
contain a reviewable final determination because "[t]he amended
final results established a new dumping duty assessment rate and
new deposit rate effective only for entries made on or after the
date of publication of this 'final determination' in accordance
with Section [1516a (a)(2)(C)]."  Pl.'s Br. in Opp'n to Def.-
Intervenors' Mot. to Dismiss for Lack of Jurisdiction ("Pl.'s
Mem.") at 6-7.

The court finds that the determination contained in the
Amended Final Results provides a jurisdictional basis for hearing
the issues raised in the 268 Filing for two reasons.  First, the
determination contained in the Amended Final Results completed
the statutorily anticipated process of calculating Plaintiff's

---

[5](...continued)
19 C.F.R. § 351.210(a).  Furthermore, regulations provide that
"[t]he Secretary will publish in the Federal Register notice of
'Affirmative (Negative) Final Antidumping (Countervailing Duty)
Determination,' including the rates, if any."  19 C.F.R. §
351.210(c).

[6]     The court cautions that nothing in this opinion should
be construed to suggest that the Final Results do not contain a
reviewable final determination.  That question is not before the
court.

antidumping duty margin.  In order to properly calculate Plaintiff's margin in accordance with its statutory mandate and in conformity with its regulations, Commerce submitted the calculations underlying the determination contained in the Final Results to interested parties for comment.  *See* Amended Final Results, 69 Fed. Reg. at 32,494 (citing 19 U.S.C. § 1675(h); 19 C.F.R. § 351.224(f)).  After Commerce received and reviewed the comments from Plaintiff, it found that the determination contained in the Final Results was defective and, therefore, recalculated Plaintiff's margin and published this new determination in the Amended Final Results.  *See* Amended Final Results, 69 Fed. Reg. at 32,494.  Thus, it is the Amended Final Results that contain Commerce's ultimate determination of the matters contained therein and which serve as the culmination of the administrative process envisioned by the statute and the regulations.

Second, the Amended Final Results contain a final determination for the purpose of judicial review because they changed the determination found in the Final Results.  As this Court has recognized, while Commerce publishes notices styled as final determinations in the Federal Register,

> dumping margin calculations can and do change after the issuance of a final determination.  Given Commerce's fairly routine procedure of amending final antidumping

duty determinations, it is not a sufficient answer to say that the margin calculated in the Final Determination was binding.  Here, the purported final determination was not truly final until the amendment issued approximately six weeks later.

*Dupont Teijin Films USA, LP v. United States*, 27 CIT __, __, 297 F. Supp. 2d 1367, 1374 (2003) (citation omitted).[7]  In the case at bar, Plaintiff's antidumping duty margin was changed by the Amended Final Results, and that change was effective only following their publication.  *See* Amended Final Results, 69 Fed. Reg. at 32,495 ("The amended cash deposit requirement is effective for all shipments of subject merchandise from Zhejiang . . . on or after the date of publication of this notice . . . .").  Because Commerce changed Plaintiff's margin, the determination found in the Amended Final Results, upon publication, became binding and truly final as to Plaintiff. *Dupont*, 27 CIT at __, 297 F. Supp. 2d at 1374.

_____

[7]      The court notes that the facts in *Dupont* and those of the instant action are somewhat different.  The parties in *Dupont* were contesting Commerce's determination regarding the issuance of an antidumping order contained in a "final determination" in an investigation, whereas in the 268 Filing the parties are contesting Commerce's final result regarding the periodic review of an existing antidumping order.  Whatever the label, however, Commerce generally treats these two administrative proceedings in the same manner.  *See* 19 C.F.R. § 351.210(a) ("The procedures for reviews are similar to those followed in investigations.").  As Commerce has not specifically created a separate definition of "final result" the court treats the terms "final determination" and "final result" as being identical.

Thus, the determination contained in the Amended Final Results is a final determination properly subject to judicial review and the date of the publication of the Amended Final Results serves as the basis for the start of the jurisdictional clock.[8]

---

[8]     A review of the Federal Register shows that Commerce routinely changes final determinations and bases antidumping duty margins on such changed determinations. *See*, *e.g.*, Notice of Am. Final Results of Antidumping Duty Admin. Review: Certain Cased Pencils from the PRC, 70 Fed. Reg. 51,337, 51,338 (ITA Aug. 30, 2005) ("The Department shall determine, and CBP shall assess, antidumping duties on all appropriate entries based on the amended final results."); Stainless Steel Wire Rod From India: Am. Final Results of Antidumping Duty Admin. Review, 70 Fed. Reg. 47,177, 47,177 (ITA Aug. 12, 2005) ("The . . . deposit requirements will be effective upon publication of these amended final results . . . ."); Am. Final Results of Antidumping Duty Admin. Review: Certain Small Diameter Carbon and Alloy Seamless Standard, Line, and Pressure Pipe from Rom., 70 Fed. Reg. 14,648, 14,650 (ITA Mar. 23, 2005) ("The Department shall determine, and CBP shall assess, antidumping duties on all appropriate entries based on the amended final results."); Notice of Am. Final Results of Antidumping Duty Administrative Review: Small Diameter Circular Seamless Carbon and Alloy Steel Standard, Line and Pressure Pipe From Braz., 70 Fed. Reg. 13,459, 13,460 (ITA Mar. 21, 2005) ("The following antidumping duty deposits will be required on all shipments . . . entered, or withdrawn from warehouse, for consumption, effective on or after the publication date of the amended final results of this administrative review . . . ."); Stainless Steel Sheet and Strip in Coils From Italy: Am. Final Results of Antidumping Duty Admin. Review, 70 Fed. Reg. 13,009, 13,010 (ITA Mar. 17, 2005) ("[T]he Department will  determine, and CBP will assess, antidumping duties on all entries of subject merchandise . . . in accordance with these amended final results.").

Furthermore, a review of amended final determinations shows that Commerce does not necessarily limit such amendments to correcting mathematical errors. *See*, *e.g.*, Notice of Am. Final Results of Antidumping Duty Admin. Review: Certain Corrosion-
(continued...)

B.    The Doctrine of Sovereign Immunity Does Not Bar the
      Court's Jurisdiction Over the 268 Filing

Having found that the Amended Final Results contain a

judicially reviewable final determination pursuant to 19 U.S.C. §

1516a, the court turns to the related contention that the court

does not have jurisdiction over the 268 Filing under the doctrine

of sovereign immunity.  Defendant-Intervenors argue that

"[b]ecause 19 U.S.C. § 1516a(a)(2)(A) specifies the terms and

conditions upon which the United States has waived its sovereign

immunity in consenting to be sued in the Court of International

Trade . . . , the limitations stipulated by statute must be

strictly observed."  Def.-Intervenors' Mem. at 3–4 (citing

*Georgetown Steel Corp. v. United States*, 801 F.2d 1308, 1312–13

(Fed. Cir. 1986)).  Put another way, because the United States

must specifically waive sovereign immunity to be sued, if the

Amended Final Results do not contain a final determination within

the meaning of 19 U.S.C. § 1615a(a)(2)(A), then the doctrine of

sovereign immunity prohibits the court from exercising subject

matter jurisdiction over the 268 Filing.

_____

    [8](...continued)
Resistant Carbon Steel Flat Prods. from Ca., 70 Fed. Reg. 22,846,
22,846 (ITA May 3, 2005) (amending final determination where
Commerce "identified an inadvertent error in the Final Results
regarding the timing of the issuance of assessment
instructions.").

There is no dispute that the United States must waive sovereign immunity in order to be amenable to suit.  As stated by the Court of Appeals for the Federal Circuit: "Waivers of sovereign immunity must be 'unequivocally expressed.'  The Supreme Court has found that 'firmly  grounded in [their] precedents' is the fact that '[a] waiver of the Federal Government's sovereign immunity must be unequivocally expressed in statutory text' and 'will not be implied.'"  *Yancheng Baolong Biochem. Prods. Co. v. United States*, 406 F.3d 1377, 1382 (Fed. Cir. 2005) (citations omitted) (brackets in original). Furthermore, there can be no disagreement that the United States has "unequivocally expressed" its waiver of sovereign immunity as to suits commenced pursuant to 19 U.S.C. § 1516a.[9]  As a result, the United States has consented to be sued based on the results found in a final determination.  *See* 19 U.S.C. § 1516a(a)(2)(A), (B).  Therefore, the court having found that the Amended Final Results contain a final determination for the purpose of judicial review under 19 U.S.C. § 1516a, it necessarily follows that the United States has waived its sovereign immunity with respect to

---

[9]     The Court of Appeals for the Federal Circuit has held that the United States has explicitly waived sovereign immunity as to actions commenced pursuant to 28 U.S.C. § 1581(c).  *See Humane Soc'y of the U.S. v. Clinton*, 236 F.3d 1320 (Fed. Cir. 2001).  The Court stated "that § 1581 not only states the jurisdictional grant to the Court of International Trade, but also provides a waiver of sovereign immunity over the specified classes of cases."  *Id*. at 1328.

the 268 Filing.

      C.    The Doctrine of *Res Judicata* Does Not Bar the Court
          From Hearing This Action

Finally, Defendant-Intervenors argue that the court is
precluded from hearing the matters raised in the 268 Filing
because it is barred from doing so by USCIT Rule 41(b):

> According to Rule 41(b)(5), a dismissal under Rule
> 41(b)(2) operates as "an adjudication on the merits."
> Thus, this Court has issued an adjudication on the
> merits against Zhejiang for all matters arising out of
> the <u>Final Results</u> published by Commerce on May 5, 2004.
> Any further actions arising out of the same
> determination by Commerce are now barred by principles
> of *res judicata*.

Def.-Intervenors' Mem. at 12-13 (citing *Encon Indus. v. United
States*, 18 CIT 867, 869 (1994) (emphasis in original)); *see also*
USCIT R. 41(b) (2005).[10]  Defendant-Intervenors further contend

---

    [10]    USCIT Rule 41(b) provides, in relevant part:

(b) Involuntary Dismissal; Effect Thereof.

    (1) Actions on the Reserve Calendar or the
    Suspension Disposition Calendar are subject
    to dismissal for lack of prosecution at the
    expiration of the applicable period of time
    as prescribed by Rules 83 and 85.

    (2) Actions commenced pursuant to 28 U.S.C. §
    1581(c) by the filing of a summons only are
    subject to dismissal for failure to file a
    complaint at the expiration of the applicable
    period of time prescribed by 19 U.S.C. §
    1516a.

    (3) Whenever it appears that there is a

                                (continued...)

that "Zhejiang could have raised each of the issues it raises now in its complaint under a timely complaint filed in response to the first summons." Def.-Intervenors' Mem. at 13. Thus, Defendant-Intervenors maintain that the court is barred from hearing the matters raised in the 268 Filing by the doctrine of *res judicata* or "claim preclusion."[11]

---

[10] (...continued)
> failure of the plaintiff to prosecute, the court may upon its own initiative after notice, or upon motion of a defendant, order the action or any claim dismissed for lack of prosecution.
>
> (4) For failure of the plaintiff to comply with these rules or with any order of the court, a defendant may move that the action or any claim against the defendant be dismissed.
>
> (5) Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, operates as an adjudication on the merits.

USCIT R. 41(b)(1)-(5).

[11]      Recently, there has been substantial movement toward treating the doctrine of *res judicata* broadly as encompassing the individually significant phrase "claim preclusion." *See* 18 Charles Alan Wright, Arthur R. Miller,& Edward H. Cooper, *Federal Practice and Procedure* § 4402, at 7 (2d ed. 2002). Currently, "[the] rules defining the matters that ought to have been raised are most conveniently described as the rules of claim preclusion and defense preclusion." *See id.* § 4406, at 138. Specifically, the doctrine of claim preclusion establishes that

> when a court of competent jurisdiction has entered a
> final judgment on the merits of a cause of action, the
>                                                   (continued...)

Plaintiff counters that Defendant-Intervenors' argument "is not supported by the plain language of the Court's Rules, and it seeks an overly expansive and punitive result in this case." Pl.'s Mem. at 10. Specifically, Plaintiff contends that because it did not file a complaint in the 227 Filing, the court's jurisdiction over the 268 Filing is not barred by *res judicata.* Plaintiff explains that,

> [i]t is axiomatic that every court case is limited to those issues which have been properly raised in the particular proceeding. The act of filing an appeal with this Court does not vest a plaintiff with the right to challenge every conceivable issue from the underlying administrative proceeding. The claims that can be raised by a plaintiff are delineated by the counts presented in the complaint. Thus, it would be entirely proper and in accordance with Rule 41(b)(5) to allow Zhejiang to proceed with all claims stated in its complaint in the instant case (04-00268) since none of these claims had been raised in case 04-00227 as of the

---

[11](...continued)
parties to the suit and their privies are thereafter bound "not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose." The judgment puts an end to the cause of action, which cannot again be brought into litigation between the parties upon any ground whatever, absent fraud or some other factor invalidating the judgment.

*See Comm'r of Internal Revenue v. Sunnen*, 333 U.S. 591, 597 (1948) (citing *Cromwell v. County of Sac*, 94 U.S. (4 Otto) 351, 352 (1876)). There is considerable doubt, however, that involuntary dismissals pursuant to Federal Rule of Civil Procedure 41(b), from which USCIT Rule 41(b)(5) is drawn, are "entitled to claim-preclusive effect." *See Semtek Int'l, Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 503 (2001).

time that case was dismissed.

*Id.* at 11 (citation omitted).


The court finds that dismissal of the 227 Filing does not bar it from hearing the matters raised in the 268 Filing. Rule 41(b), relating to involuntary dismissals, is directed toward a range of situations. In some of these, for instance dismissal upon the Court's own initiative, *see* USCIT R. 41(b)(3), or dismissal for failure to comply with the Court's Rules, *see* USCIT R. 41(b)(4), a complaint in all likelihood will have been filed. In those cases, Rule 41(b) truly "operates as an adjudication on the merits," because the complaint has set out the elements or grounds of the suit.[12] In cases where the elements or grounds have not been set out, *i.e.*, where no complaint has been filed, Rule 41(b) does not result in an adjudication on the merits, because there are no specified merits.[13] This being the case,

_____

[12] The "merits" are defined as "[t]he elements or grounds of a claim or defense; the substantive considerations to be taken into account in deciding a case . . . ." *See Black's Law Dictionary* 1010 (8th ed. 2004).

[13] It is also worth noting that, under 19 U.S.C. § 1516a, the 227 Filing did not result in an action being commenced because no complaint was filed. This section reads, in relevant part:

(A) In general

Within thirty days after-

                                                    (continued...)

Rule 41(b)(5) is best understood as providing for an adjudication on the merits to the extent that the elements or grounds of the case have been specified.  Here, because no complaint was part of the 227 Filing, the merits of the case were never specified, and the doctrine of *res judicata* does not apply.

---

[13](...continued)

> (i) the date of publication in the Federal
> Register of–
>
> > (I) notice of any determination
> > described in clause . . .
> > (iii). . . of subparagraph (B),

an interested party who is a party to the proceeding in
connection with which the matter arises may commence an
action in the United States Court of International
Trade by filing a summons, and within thirty days
thereafter a complaint. . . .

*See* 19 U.S.C. § 1516a(2)(A); *see also* USCIT R. 3(a)(2) ("A civil
action is commenced by filing with the clerk of the court: . . .
[a] summons, and within 30 days thereafter a complaint, in an
action described in 28 U.S.C. § 1581(c) to contest a
determination listed in [19 U.S.C. § 1516a(2) or (3)] . . . .").
The Court of Appeals for the Federal Circuit has held this
provision to be

> plain and unambiguous.  It imposes two requirements for
> "commenc[ing] an action" in the Court of International
> Trade . . . : (1) within 30 days of the publication of
> the determination in the Federal Register, a summons
> must be filed, and (2) "within thirty days thereafter a
> complaint" must be filed.  The statute requires both
> steps and imposes precise time limits within which each
> step must be taken.

*See Georgetown Steel*, 801 F.2d at 1311.  This being the case, the
Rule 41(b)(5) dismissal of the 227 Filing merely terminated the
initiation of an action, rather than actually dismissing an
action.

                              CONCLUSION

     The court finds that Plaintiff has sustained its burden of
establishing that this court possesses jurisdiction to review the
268 Filing, and that the doctrine of *res judicata* does not bar
the court from hearing the matters raised in that filing.


     Therefore, for the foregoing reasons, Defendant-Intervenors'
Motion to Dismiss for Lack of Subject Matter Jurisdiction is
denied.  Judgment shall be entered accordingly.


                                     /s/ Richard K. Eaton
                                    Richard K. Eaton

Dated:    November 8, 2005
          New York, New York

<u>ERRATA</u>

*Zhejiang Native Produce and Animal By-Products Import & Export Group Corp. v. United States*, Court No. 04-00268, Slip Op. 05-146, dated November 8, 2005.

Page 1:        In the title line, replace "<u>OPINION AND ORDER</u>" with "<u>OPINION</u>."

November 9, 2005