REVISED JANUARY 29, 2009
IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 28, 2009

Charles R. Fulbruge III
Clerk

No. 08-50555
Summary Calendar

BRYAN S. FOSTER d/b/a Jaguars Gold Club

Plaintiff-Appellant

v.

THE CITY OF EL PASO

Defendant-Appellee

Appeal from the United States District Court for the
Western District of Texas, El Paso
Case No. 3:08-CV-00065-FM

Before JONES, Chief Judge, and DENNIS and HAYNES, Circuit Judges.

PER CURIAM:[*]

Foster appeals from a district court decision abstaining from exercising jurisdiction under Younger v. Harris, 401 U.S. 37, 91 S. Ct. 746 (1971), and dismissing Foster's claim with prejudice. Foster does not challenge the district court's choice to abstain, but instead, appeals its ruling dismissing his claims with prejudice. We affirm the district court's decision.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Foster operates an adult entertainment club in El Paso. The City has an ordinance prohibiting certain conduct in sexually oriented businesses and regulating their hours of operation. In June 2007, Foster sued in Texas court seeking declaratory and injunctive relief and alleging that the ordinance violates his rights of speech, equal protection, and substantive due process under the Texas Constitution.[1] In December 2007, three of Foster's employees were cited for violating the ordinance. In February 2008, Foster brought a federal suit seeking injunctive relief and damages for violations of his federal constitutional rights to equal protection and substantive due process.

The district court granted the city's motion to abstain from exercising jurisdiction under Younger and dismissed Foster's claim with prejudice. Foster now appeals. Apparently resigned to bringing both his federal and state claims in state court, he only appeals the district court's decision to dismiss with prejudice. He fears that a Texas court will consider a federal court's dismissal with prejudice, by itself, as a final decision on the merits foreclosing relief at the state level for his federal, and perhaps state, constitutional claims. This fear is misplaced.

A Texas court will apply the federal law of claim preclusion to a decision rendered in federal court. San Antonio Indep. Sch. Dist. v. McKinney, 936 S.W.2d 279, 281 (Tex. 1996). The proceedings below very clearly do not meet this court's four-element test for claim preclusion. See, e.g., Test Masters Educ. Servs., Inv. v. Singh, 428 F.3d 559, 571 (5th Cir. 2004). Specifically, Foster's claims were not decided "on the merits." The district court's express purpose in applying Younger abstention was to avoid reaching the merits, which would likely interfere with pending state judicial proceedings. Accordingly, federal law does not preclude Foster from litigating his claims in state court.

---

[1] According to the City's brief, the case is set for trial in April 2009.

Further, the Supreme Court's opinion in Semtek International, Inc. v. Lockheed Martin Corp. held that a dismissal with prejudice, without more, is not claim-preclusive. 531 U.S. 497, 505-06, 121 S. Ct. 1021, 1027 (2001). The opinion contained an extended discussion of what a dismissal with and without prejudice means in the context of Fed. R. Civ. Pro. 41(b):

> The primary meaning of dismissal without prejudice, we think, is dismissal without barring plaintiff from returning later, to the same court, with the same underlying claim. That will also ordinarily (though not always) have the consequence of not barring the claim from other courts, but its primary meaning relates to the dismissing court itself.
> . . .
> We think, then, that the effect of the "adjudication upon the merits" default provision in Rule 41(b) . . . is simply that, unlike a dismissal "without prejudice," the dismissal in the present case barred refiling of the same claim in the [same federal district court].

Id.

Although Semtek, dealt with diversity jurisdiction, the Supreme Court's holding and its related discussion make clear that dismissals "with prejudice" or "on the merits," or both, are governed by federal common law, not Fed R. Civ. Pro. 41(b). Semtek, 531 U.S. at 508, 121 S. Ct. at 1028. The Court went on to note that other courts may view a dismissal with prejudice in federal court as having claim preclusive effect, but that such a holding might violate the Rules Enabling Act and could be better addressed on direct appeal. Id. at 506 n.2, 121 S. Ct. at 1027 n.2; see also Vasquez v. Bridgestone/Firestone, Inc., 325 F.3d 665, 679 (5th Cir. 2003) ("[P]ermitting a rule of civil procedure to control the effect given a federal judgment by a state court arguably violates the jurisdictional limitation of the Rules Enabling Act.").

A Texas court may erroneously choose to disregard Semtek and this court's claim-preclusion law by concluding that all dismissals with prejudice have claim-

preclusive effect, but this court will not alter the lower court's judgment on the premise that a Texas court will commit such an error. As the Supreme Court noted in Semtek, Foster may address this issue, if it arises, in a Texas court of appeals.

AFFIRMED.