**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-2021**

CP #1109, LLC; MARTIN E. O'BOYLE,

        Plaintiffs - Appellants,

      v.

CONTINENTAL MOTORS, INC.; CONTINENTAL MOTORS SERVICES, INC.,

        Defendants - Appellees.

Appeal from the United States District Court for the Southern District of West Virginia, at Beckley.  Irene C. Berger, District Judge.  (5:19-cv-00501)

Submitted:  January 29, 2021           Decided:  September 23, 2021

Before NIEMEYER, KING, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Robert J. Frank, THE LAW FIRM OF ROBERT J. FRANK & ASSOC., PLLC, Lewisburg, West Virginia, for Appellants.  Robert C. James, Wheeling, West Virginia, Mitchell B. Tuggle, FLAHERTY SENSABAUGH BONASSO PLLC, Charleston, West Virginia, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Appellants CP #1109, LLC, and Martin E. O'Boyle appeal from the district court's memorandum opinion and order dismissing without prejudice their action brought under the West Virginia Consumer Credit and Protection Act against Appellees Continental Motors, Inc., and Continental Motors Services, Inc. *See CP #1109, LLC v. Cont'l Motors, Inc.*, No. 5:19-cv-00501 (S.D. W. Va. Aug. 20, 2019), ECF No. 14. In 2018, the district court dismissed with prejudice for lack of personal jurisdiction an action that Appellants brought against Appellees under the same Act related to the same set of facts. *See CP #1109, LLC v. Cont'l Motors, Inc.*, No. 5:17-cv-03036 (S.D. W. Va. Mar. 13, 2018), ECF No. 24. We subsequently affirmed the dismissal but modified the court's order to reflect that the dismissal was without prejudice. *See CP #1109, LLC v. Cont'l Motors, Inc.*, 741 F. App'x 946 (4th Cir. 2018). In these proceedings, the court concluded (1) that its previous ruling that Appellees were not subject to personal jurisdiction in West Virginia precludes Appellants from relitigating the issue of personal jurisdiction and (2) that, in any event, there continues to be a lack of personal jurisdiction. For the following reasons, we affirm on the second ground.

We review de novo a district court's dismissal of an action for lack of personal jurisdiction, *Grayson v. Anderson*, 816 F.3d 262, 270 (4th Cir. 2016), as well as a court's dismissal on the basis of claim or issue preclusion, *Brooks v. Arthur*, 626 F.3d 194, 200 (4th Cir. 2010).

> The preclusive effect of a judgment is defined by claim preclusion and issue preclusion, which are collectively referred to as res judicata. Under the doctrine of claim preclusion, a final judgment forecloses successive litigation

2

of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit. Issue preclusion, in contrast, bars successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment, even if the issue recurs in the context of a different claim.

*Taylor v. Sturgell*, 553 U.S. 880, 892 (2008) (footnote, citation, and internal quotation marks omitted). "The preclusive effect of a federal-court judgment is determined by federal common law." *Id.* at 891. Where, as here, a federal court exercises diversity jurisdiction over a state law claim, "[t]he federal preclusion rule . . . is to apply 'the law that would be applied by state courts in the State in which the federal diversity court sits' as long as the state rule is not 'incompatible with federal interests.'" *Hately v. Watts*, 917 F.3d 770, 777 (4th Cir. 2019) (quoting *Semtek Int'l, Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 508-09 (2001)).[1]

Under West Virginia law, "[t]he doctrine of collateral estoppel, or issue preclusion, forecloses the relitigation of issues that were actually litigated in an earlier suit even though the causes of action in the former and subsequent proceedings are different." *State ex rel. McGraw v. Johnson & Johnson*, 704 S.E.2d 677, 687-88 (W. Va. 2010) (footnote, alterations, and internal quotation marks omitted). Issue preclusion bars a party from relitigating an issue if:

> (1) The issue previously decided is identical to the one presented in the action in question; (2) there is a final adjudication on the merits of the prior action; (3) the party against whom the doctrine is invoked was a party or in privity with a party to a prior action; and (4) the party against whom the doctrine is raised had a full and fair opportunity to litigate the issue in the prior action.

---

[1] Appellants filed both the earlier action and the instant action in state court, and Appellees removed the actions to the district court on the basis of diversity jurisdiction.

*Id.* at 688. Under federal law, a court's ruling that it lacks jurisdiction is entitled to preclusive effect if the other elements of issue preclusion are satisfied. *See, e.g.*, *Goldsmith v. Mayor & City Council of Balt.*, 987 F.2d 1064, 1069 (4th Cir. 1993). It is unclear, however, whether such an exception to the rule that issue preclusion only stems from a "final adjudication on the merits of the prior action" exists under West Virginia law.

In these circumstances, rather than reaching and deciding whether the district court's dismissal of Appellants' action was appropriate on the basis of issue preclusion, we affirm the dismissal on the ground that the court correctly ruled that there continues to be a lack of personal jurisdiction. "The Due Process Clause of the Fourteenth Amendment constrains a State's authority to bind a nonresident defendant to a judgment of its courts." *Walden v. Fiore*, 571 U.S. 277, 283 (2014). "When a federal court sits in diversity, it has personal jurisdiction over a non-resident defendant if (1) an applicable state long-arm statute confers jurisdiction and (2) the assertion of that jurisdiction is consistent with constitutional due process." *Perdue Foods LLC v. BRF S.A.*, 814 F.3d 185, 188 (4th Cir. 2016) (internal quotation marks omitted). "[T]he West Virginia long-arm statute is coextensive with the full reach of due process." *In re Celotex Corp.*, 124 F.3d 619, 627 (4th Cir. 1997). Thus, our statutory inquiry merges with our constitutional inquiry. *Id.* at 628.

Due process requires both that the defendant "purposefully established minimum contacts within the forum State" and that "the assertion of personal jurisdiction would comport with fair play and substantial justice." *Burger King Corp. v. Rudzewicz*, 471 U.S.

4

462, 476 (1985) (internal quotation marks omitted). An out-of-state defendant's contacts with the forum State may give rise to either general or specific jurisdiction. *See Daimler AG v. Bauman,* 571 U.S. 117, 126-27 (2014). Specific jurisdiction over an out-of-state defendant can arise if the defendant's contacts with the forum State are sufficiently related to the cause of action. *Id.* However, "[d]ue process requires that a defendant be haled into court in a forum State based on his own affiliation with the State, not based on the random, fortuitous, or attenuated contacts he makes by interacting with other persons affiliated with the State." *Walden*, 571 U.S. at 286 (internal quotation marks omitted). This means "that the minimum contacts analysis must focus on the relationship among the defendant, the forum, and the litigation." *UMG Recordings, Inc. v. Kurbanov*, 963 F.3d 344, 351 (4th Cir. 2020) (internal quotation marks omitted), *cert. denied*, 141 S. Ct. 1057 (2021). Determining the existence of specific jurisdiction therefore requires an analysis of three factors: "(1) the extent to which the defendant purposefully availed itself of the privilege of conducting activities in the State; (2) whether the plaintiffs' claims arise out of those activities directed at the State; and (3) whether the exercise of personal jurisdiction would be constitutionally reasonable." *Id.* at 352 (internal quotation marks omitted). After reviewing the record and the relevant authorities, we conclude that Appellants again failed to demonstrate that Appellees are subject to personal jurisdiction in West Virginia.

We therefore affirm the district court's judgment.[2]  We deny Appellants' motion to schedule oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

[2] We also reject Appellants' contentions that the district court improperly converted Appellees' motion to dismiss into a motion for summary judgment and that the district court abused its discretion by declining to order jurisdictional discovery.