**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JAN 21 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| Mr. TARIQ AHMAD, | No. 24-211 |
| Plaintiff - Appellant, | D.C. No. 3:22-cv-00022-MMD-CSD |
| v. | |
| GRACO FISHING & RENTAL TOOLS, INC., | MEMORANDUM* |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Nevada
Miranda M. Du, District Judge, Presiding

Submitted January 16, 2025**
San Francisco, California

Before: H.A. THOMAS and MENDOZA, Circuit Judges, and BOLTON, District Judge.***

Tariq Ahmad appeals the district court's order dismissing his fraud-based

---

    \* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    \*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

    \*\*\* The Honorable Susan R. Bolton, United States District Judge for the District of Arizona, sitting by designation.

claims against Graco Fishing & Rental Tools, Inc. ("Graco"). We review a district court's decision to grant a summary-judgment motion de novo.[1] *Stevens v. Corelogic, Inc.*, 899 F.3d 666, 672 (9th Cir. 2018). We have jurisdiction under 28 U.S.C. § 1291. We affirm.

Ahmad's claims were properly dismissed as claim barred. All three elements of Nevada's claim-preclusion test have been met here. *See Weddell v. Sharp*, 350 P.3d 80, 81 (Nev. 2015); *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 508 (2001). There is no dispute over the first and third elements of that test. There was a valid, final judgment in the prior case Ahmad filed in Utah state court ("Utah Case"), and the parties or their privies here are the same as in that case. *Weddell*, 350 P.3d at 81.

The remaining question is whether Ahmad could have brought his present fraud claims in the Utah Case. *See Weddell*, 350 P.3d at 81. He could have. His claims are based on the same operative facts as the negligent-misrepresentation claim in the Utah Case.[2] *Id*.

---

[1] Ahmad incorrectly asserts that we should apply a two-step summary judgment standard of review. But the standard he cites only applies to Freedom of Information Act cases. *Lane v. Dep't of Interior*, 523 F.3d 1128, 1135 (9th Cir. 2008).

[2] The district court also correctly held that Ahmad's claims are time barred because Ahmad knew of the factual basis for his fraud claims over three years before filing the present complaint. *See* NRS 11.190(3)(d); Utah Code Ann. § 78B-2-305(3).

**AFFIRMED.**