**Not For Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

No. 06-1180

ANGELA LYNN ZAREAS,

Plaintiff, Appellant,

v.

LUIS BARED-SAN MARTIN; ANA MARÍA BARED-ESPINOSA,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Héctor M. Laffitte, U.S. District Judge]

Before

Torruella, Circuit Judge,
Stahl, Senior Circuit Judge,
and Howard, Circuit Judge.

Juan José Nolla-Acosta, with whom Nicolás Nogueras-Cartagena
was on brief, for appellant.
Luis Sánchez-Betances, with whom Sánchez-Betances, Sifre,
Muñoz-Noya & Rivera, P.S.C., was on brief, for appellees.

December 15, 2006

**Per Curiam**.   Plaintiff-Appellant Angela Lynn Zareas ("Zareas") appeals the dismissal of her complaint against Luis Bared San Martin and Ana Maria Bared Espinosa (together, the "Bareds"), pursuant to the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 et seq. Dismissal of Zareas's civil RICO claim under Fed. R. Civ. P. 12(b)(6) was recommended by a magistrate judge, and the dismissal was granted by the district court below.   The magistrate judge found that the claim was barred by the four-year statute of limitations on civil RICO claims. See Agency Holding Corp. v. Malley-Duff & Assoc., Inc., 483 U.S. 143, 155 (1987).   The magistrate judge also concluded that even had the claim not been time barred, Zareas neither pled with specificity pursuant to Fed. R. Civ. P. 9(b) nor adequately established a causal nexus between the Bareds' alleged activities and the purported injury.   After evaluating these findings, we affirm.

Although this appeal has not raised difficult questions of law, we feel compelled to address the inadequacy of Zareas's alleged injury.   In order to recover under a civil RICO claim, the plaintiff must demonstrate that the defendant(s) not only conducted an enterprise through a pattern of racketeering activity, but that the alleged activity has caused injury to the plaintiff's "business or property." Sedima, S.P.R.L. v. Imrex Co., 473 U.S. 479, 496-97 (1985).   Here, Zareas has alleged that the Bareds engaged in the

-2-

fraudulent sale of duty-free goods. Her alleged injuries, however, are emotional distress, and deprivation of property owed her pursuant to her former marriage to the Bareds' son.

The alleged injuries fail for four reasons. Three of these reasons were addressed by the magistrate judge. The fourth is our own observation. First, claims for personal injuries, such as emotional distress, are not "business or property" and are not cognizable under RICO. See Van Schaick v. Church of Scientology of California, Inc., 535 F. Supp. 1125, 1137 (D. Mass. 1982) (concluding that personal injury cases are not within the ambit of the RICO statute); see also Martin v. Fleet Nat. Bank, 676 F. Supp. 423, 432 (D.R.I. 1987)("concerning plaintiffs' claims of personal psychic injuries and emotional distress, this court can only note that civil RICO does not provide a remedy for such harms"). Second, the ownership of the disputed property was addressed in Zareas's divorce proceedings by the Puerto Rico Court of First Instance and the Puerto Rico Court of Appeals. Both courts found that Zareas has no ownership interest in the property. This Court is bound by these state court decisions pursuant to the full faith and credit clause. 28 U.S.C. § 1738. Third, even if the allegations against the Bareds were true, there is no causal effect between their alleged activity and Zareas's purported injury. See Miranda v. Ponce Fed. Bank, 948 F.2d 41, 47 (1st Cir. 1991)(there must be a causal relationship between the injury asserted and the

predicate acts under the RICO statute).  The fraudulent sale of duty-free goods could in no way cause injury to Zareas's purported property.  In fact, the only possible connection between the alleged RICO activity and Zareas's purported injury could be that the property was attained by or paid for with profits from the alleged activity.  This leads us to the fourth ground for rejecting Zareas's purported injury: if we are to believe that Zareas's allegations are sincere, then she is asking the court to recognize and enforce an interest in property that was ill-gotten or paid for by ill-gotten monies.  Such claims are not cognizable.  We award standard costs to the appellees.

**Affirmed**.