Not For Publication in West's Federal Reporter.

# United States Court of Appeals
## For the First Circuit

No. 06-1986

ANGELA LYNN ZAREAS,

Plaintiff, Appellant,

v.

LUIS BARED-SAN MARTIN; ANA MARIA BARED-ESPINOSA;
CONJUGAL PARTNERSHIP BARED-BARED,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Jay A. Garcia-Gregory, U.S. District Judge]

Before

Lynch, Circuit Judge,
Selya, Senior Circuit Judge,
and Lipez, Circuit Judge.

Nicolás Noqueras-Cartagena and Juan José Nolla-Acosta, on brief, for appellant.
Luis Sánchez Betances, Sánchez-Betances, Sifre, and Muñoz-Noya & Rivera, P.S.C., on brief, for appellees.

April 11, 2007

**Per Curiam**.  This case arises from Angela Lynn Zareas's allegation in a federal complaint that Luis Bared San Martin and Ana Maria Bared Espinosa (the "Bareds") fraudulently deprived Zareas of her property interest in an apartment she shared with her then-husband, the Bareds' son.  The Bareds filed a motion to dismiss Zareas's complaint, arguing that it failed to allege the minimum amount in controversy required for federal diversity jurisdiction, see 28 U.S.C. § 1332(a), and that it neither stated a claim on which relief could be granted under Federal Rule of Civil Procedure 12(b)(6) nor pled fraud with sufficient particularity, as required by Federal Rule of Civil Procedure 9(b). The Bareds also argued that questions relating to the ownership and transfer of the contested apartment – upon which Zareas's complaint was predicated – had been litigated to a final judgment in the Puerto Rican courts and thus her claim was barred by principles of res judicata.  When the motion to dismiss went unanswered, the district court dismissed Zareas's complaint for failure to oppose and for the reasons stated in the Bareds' motion.

Although Zareas raises several claims of error on appeal, we do not reach them.  Zareas previously filed a federal lawsuit under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 et. seq., alleging that the Bareds engaged in the fraudulent sale of duty-free goods, as a result of which she was deprived of her interest in the same property at

issue in this complaint. We affirmed the dismissal of that lawsuit in <u>Zareas</u> v. <u>Bared-San Martin</u>, 2006 U.S. App. LEXIS 30994 (1st Cir. Dec. 15, 2006), ruling that we could not reopen the issue of Zareas's claim to own the property at issue in that claim:

> [T]he ownership of the disputed property was addressed in Zareas's divorce proceedings by the Puerto Rico Court of First Instance and the Puerto Rico Court of Appeals. Both courts found that Zareas has no ownership interest in the property. This Court is bound by these state court decisions pursuant to the full faith and credit clause. 28 U.S.C. § 1738.

<u>Id.</u> at *3.

We apply federal principles of res judicata in determining the import of this prior federal judgment. <u>See</u> <u>Semtek Int'l Inc.</u> v. <u>Lockheed Martin Corp.</u>, 531 U.S. 497, 507 (2001) ("[W]e have long held that States cannot give . . . [federal court] judgments [in federal question cases] merely whatever effect they would give their own judgments, but must accord them the effect that this Court prescribes."). According to these principles, "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." <u>Allen</u> v. <u>McCurry</u>, 449 U.S. 90, 94 (1980). In our opinion in the first federal action, we concluded that we could not entertain Zareas's claim to own the property contested here. That final decision on the merits precludes our further review of this issue. Furthermore, we note that Zareas should have raised her fraud theory in the original federal complaint.

Accordingly, we affirm the district court's judgment dismissing Zareas's complaint and award costs to appellees.

So ordered.