The ANANTA GROUP, LTD., Plaintiff–
Counter–Defendant–Appellant,

v.

JONES APPAREL GROUP, INC. and
Jones Investment Co., Inc., Defen-
dants–Counter–Claimants–Appellees.

No. 06–3413–cv.

United States Court of Appeals,
Second Circuit.

May 1, 2007.

Robert N. Chan, Ferber Chan Essner & Coller LLP, New York, NY, for Plaintiff–Counter–Defendant–Appellant.

Victor M. Metsch, Hartman & Craven LLP (Colleen Dalton, on the brief), New York, NY, for Defendants–Counter–Claimants–Appellees.

PRESENT: Hon. JON O. NEWMAN, Hon. WALKER and Hon. CHESTER J. STRAUB, Circuit Judges.

## SUMMARY ORDER

Plaintiff The Ananta Group, Ltd. ("Ananta") appeals from a judgment of the United States District Court for the Southern District of New York (Richard Owen, *Judge* ), entered on June 21, 2006, denying its motion for summary judgment, dismissing its complaint, granting the counterclaim of Defendants Jones Apparel Group, Inc. and Jones Investment Co., Inc. for a declaratory judgment, and awarding defendants their attorney's fees and costs. We assume the parties' familiarity with the balance of facts, procedural history, and specification of issues on appeal.

"We review a district court's grant of summary judgment de novo." *Town of Southold v. Town of East Hampton,* 477 F.3d 38, 46 (2d Cir.2007). "Summary judgment is warranted only upon a show- ing 'that there is no genuine issue as to any material fact and that the [prevailing] party is entitled to judgment as a matter of law.' " *Id.* (quoting Fed.R.Civ.P. 56(c)). "In assessing the record to determine whether there is such an issue, we view the evidence in the light most favorable to the [losing] party, drawing all reasonable inferences and resolving all ambiguities in its favor. . . ." *Id.*

■ The District Court properly concluded that a decision in a prior litigation between these parties, *see The Ananta Group, Ltd. v. Jones Apparel Group, Inc.,* No. 01 Civ. 674, 2001 WL 648926 (S.D.N.Y. June 11, 2001), has no preclusive effect here. In relevant part, New York's law of issue preclusion, which applies in this diversity suit, *see Semtek Int'l Inc. v. Lockheed Martin Corp.,* 531 U.S. 497, 508, 121 S.Ct. 1021, 149 L.Ed.2d 32 (2001) (state law applicable with respect to claim preclusion); *Mario Valente Collezioni, Ltd. v. AAK Ltd.,* 280 F.Supp.2d 244, 252 (S.D.N.Y.2003) (issue preclusion); *NAS Elecs., Inc. v. Transtech Elecs. PTE Ltd.,* 262 F.Supp.2d 134, 143 (S.D.N.Y.2003) (same), accords preclusive effect only when the issue at hand is identical to one already decided. *Fuchsberg & Fuchsberg v. Galizia,* 300 F.3d 105, 109 (2d Cir.2002). Here, no such identity exists. The issue decided in the prior litigation was whether the 1985 agreement and the 1992 settlement agreement, among others, entitled Ananta to 15 percent of payments received by defendants for a national advertising campaign launched in connection with the marks "Jones New York" and "JNY." *The Ananta Group, Ltd.,* No. 01 Civ. 674, 2001 WL 648926, at *1–5.

That issue differs from the present issue in two ways. First, this litigation concerns rights to licensing fees from an

entirely different mark, namely, the mark "Evan–Picone." The disparity of issues is even more apparent when one considers that the 1985 agreement expressly applies to licenses "for the use of the Jones New York trademark," but neither the 1985 agreement nor the 1992 settlement agreement refers to the "Evan–Picone" trademark. Second, this litigation concerns licensing fees, and not advertising payments, allegedly due under the 1985 agreement and the 1992 settlement agreement.

Further, the District Court properly dismissed Ananta's claims to the extent that they rely on the 1985 agreement. That agreement unambiguously limits Ananta's fee to a percentage of monies paid to defendants in connection with Marcraft Clothes, Inc.'s "use of the Jones New York trademark," whereas this suit concerns Marcraft's use of the mark "Evan–Picone." *See generally Am. Home Assur. Co. v. Hapag Lloyd Container Linie, GmbH,* 446 F.3d 313, 316 (2d Cir.2006) (noting that court may grant summary judgment where contract language is unambiguous).

■ In addition, the District Court correctly dismissed Ananta's claims to the extent that they rely on an exception to the release clause set forth in the 1992 settlement agreement. That exception preserves defendants' "obligations [to Ananta] with respect to license agreements" between defendants and Marcraft, "including, without limitation, [defendants'] obligation to pay Ananta 15% of [defendants'] receipts with respect to [Marcraft]." Viewing this term within "the context of the entire integrated agreement," *id.,* we agree with the District Court that the "obligations" to which the 1992 settlement agreement refers are those existing at the time the agreement was executed, specifically, those obligations set forth in the 1985 agreement. Since the 1985 agreement, in turn, applies only in connection with Marcraft's use of the "Jones New York" mark, the 1992 settlement agreement does not support Ananta's claims.

Further, even assuming that the language in the 1992 settlement agreement is ambiguous, Ananta has offered no extrinsic evidence that raises a genuine issue of material fact as to whether the parties intended to expand their relationship by obliging defendants to pay Ananta 15 percent of revenues generated in connection with Marcraft's use of the "Evan–Picone" mark. Accordingly, the District Court correctly dismissed Ananta's claims to the extent that the they are based upon the 1992 settlement agreement. *See Compagnie Financiere de CIC et de L'Union Europeenne v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 232 F.3d 153, 158 (2d Cir. 2000) (noting that court may grant summary judgment "when the language is ambiguous and there is relevant extrinsic evidence, but the extrinsic evidence creates no genuine issue of material fact") (internal quotation marks omitted).

Moreover, we find no abuse of discretion in the District Court's decision to grant defendants' counterclaim for a declaration that the 1985 agreement gives Ananta the right to a commission only in connection with Marcraft's use of the "Jones New York" and derivative trademarks. *See New York Times Co. v. Gonzales,* 459 F.3d 160, 167 (2d Cir.2006) (reviewing decision to grant declaratory judgment for abuse of discretion). The declaration is certainly "useful ... in clarifying or settling the legal issues involved" in this suit, *id.,* and may help settle the parties' litigious relationship. Further, we do not think that the absence of a definition for the term

"derivative trademarks" fatally undercuts the clarity that the declaration otherwise achieves. Finally, we see no error in the District Court's decision to include derivative marks within the ambit of the 1985 agreement, even though the agreement does not reference such marks, because defendants have conceded as much.

In light of our decision, we leave intact the District Court's award of attorney's fees and costs to defendants as the prevailing parties within the meaning of the 1992 settlement agreement. Moreover, we conclude that under that agreement defendants are entitled to their "reasonable attorney's fees and costs" incurred in connection with this appeal. *See also* Fed. R.App. P. 39(a)(2) (assessing costs against appellant when judgment is affirmed). We remand to the District Court for a determination of the amount of reasonable attorney's fees and costs to which defendants are entitled.

For the reasons set forth above, we AFFIRM the judgment of the District Court. We further ORDER that plaintiff shall reimburse defendants for their reasonable attorney's fees and costs incurred in connection with this appeal, and we REMAND the cause for the limited purpose of determining the amount of fees and costs to which defendants are entitled.