**Tyrone GRANT, Plaintiff,**

v.

**PROGRESSIVE INSURANCE COMPANY and M.H. Chodos Insurance Agency, Defendants.**

**Civ. No. 3:06CV1922(AWT).**

United States District Court, D. Connecticut.

Feb. 6, 2008.

Tyrone P. Grant, New Haven, CT, pro se.

Cesar A. Noble, Noble, Spector, Young & O'Connor, Hartford, CT, for Defendants.

### RULING ON MOTION TO DISMISS

ALVIN W. THOMPSON, District Judge.

Defendants Progressive Insurance Company ("Progressive") and M.H. Chodos Insurance Agency ("Chodos") have moved to dismiss the complaint filed by plaintiff Tyrone P. Grant ("Grant"), proceeding *pro se,* on the grounds that this court's prior dismissal of Grant's claims against the same two defendants with prejudice bars Grant from bringing the same underlying claim in this court. Grant has filed several motions seeking a judgment against the defendants. For the reasons set forth below, the defendants' motion to dismiss is being granted, and the plaintiff's motions are being denied.

### I. FACTUAL AND PROCEDURAL BACKGROUND

On June 22, 1992, Grant was assaulted by an employee of Fountain's Garage ("Fountain's") when he attempted to reclaim his towed vehicle. On March 28, 1995, Grant obtained a default judgment of $950,000 against Fountain's. As a result, Fountain's filed for bankruptcy under Chapter 11 of the United States Bankruptcy Code. The amount payable to Grant pursuant to the judgment was reduced to $80,000 in the reorganization plan approved by the bankruptcy court on November 30, 1996.

Grant sought payment of the full amount of the judgment pursuant to an insurance policy issued to Fountain's by Progressive. Fountain's had used Chodos as an insurance broker in obtaining the policy from Progressive. Progressive denied coverage under the policy because the injury resulted from an intentional act.

On December 12, 1995, Grant filed an action against Progressive and the City of New Haven; Chodos was later added as an additional defendant. On February 3, 1998, the Connecticut Superior Court granted a motion for summary judgment filed by Chodos on statute of limitations grounds; on July 28, 1998, the court granted a similar motion filed by the City. On April 7, 1996, the Superior Court denied Progressive's motion for summary judgment because a genuine issue of material fact existed as to whether Progressive owed a duty to Grant; on August 12, 1996, the court denied another motion for summary judgment filed by Progressive. However, on January 1, 1999, the state court granted Progressive's motion to dismiss the case based on the plaintiff's failure to appear at trial.

On May 23, 2001, Grant filed an action in this court against Chodos and Progressive. This court gave Grant permission to amend his complaint. In an order entered on June 4, 2002, the court noted that it was impossible to determine the nature of the plaintiff's claims or the legal theories on which he was proceeding. The court gave the plaintiff an opportunity to file a second amended complaint but stated that it would dismiss his case with prejudice if the complaint did not satisfy the rules. On July 1, 2002, the court dismissed the case with prejudice, noting that it was unable to identify any federal rule or statute cited by the plaintiff which would provide the court with jurisdiction and that the plaintiff's second amended complaint still failed to give fair notice of his claims to the defendants. On July 1, 2003, the Second Circuit dismissed the plaintiff's appeal because his notice of appeal was untimely. On November 28, 2006, the plaintiff filed the instant action against the same two defendants, again attempting to recover the full amount of the judgment entered against Fountain's.

## II. DISCUSSION

Progressive and Chodos have moved to dismiss this action pursuant to Fed. R.Civ.P. 41(b) on the ground that this court dismissed with prejudice a similar action by this plaintiff against the same two defendants. The defendants argue that the court's prior dismissal of the plaintiff's action operates as an adjudication on the merits that is entitled to preclusive effect. Grant argues that the court's prior dismissal did not reach the substantive merits of his claim and thus does not bar this subsequent action.

Fed.R.Civ.P. 41(b) governs the effect of an involuntary dismissal of a plaintiff's action. It reads:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits.

Fed.R.Civ.P. 41(b).

In *Semtek International Incorporated v. Lockheed Martin Corporation,* 531 U.S. 497, 121 S.Ct. 1021, 149 L.Ed.2d 32 (2001), the Supreme Court noted that a judgment on the merits within the meaning of Rule 41(b) is not necessarily entitled to claim-preclusive effect. In *Semtek,* the petitioner filed an action in California state court, which was removed to federal court. The district court dismissed the action "on the merits and with prejudice" because it was barred by California's two-year statute of limitations. The petitioner then filed suit in Maryland state court, where

the plaintiff's cause of action was subject to a three-year statute of limitations. The Maryland state court granted the respondent's motion to dismiss based on the doctrine of res judicata. The Supreme Court rejected the respondent's argument that an involuntary dismissal pursuant to Rule 41(b), except for dismissals based on the specified grounds, invariably constitutes an adjudication on the merits which is entitled to preclusive effect. The Court noted that an adjudication on the merits is equivalent to a dismissal of an action with prejudice. Thus, the Court held that an "adjudication on the merits" pursuant to Rule 41(b) bars a plaintiff from returning later to the same court and filing the same claim. *Semtek,* 531 U.S. at 506–07, 121 S.Ct. 1021; *see also Smith v. Woosley,* 399 F.3d 428, 435 (2d Cir.2005) ("All Rule 41(b) means ... is that a federal court's dismissal with prejudice of a time-barred claim means that the claim may not be re-filed in the court that dismissed the claim").

Now, the plaintiff has filed a second action in this court in an effort to recover from defendants Progressive and Chodos based on the $950,000 state court judgment against Fountain's. Although the plaintiff asserted various state law theories of recovery in his first action, and he now asserts that he is entitled to relief pursuant to a provision of federal bankruptcy law,[1] the plaintiff had an opportunity to assert this claim in his first action. However, the plaintiff repeatedly failed to comply with the court's order that he file a complaint that satisfied the Federal Rules of Civil Procedure. Therefore, the court dismissed the plaintiff's first action with prejudice. The plaintiff's second action is filed in the same court against the same defendants based on the same underlying

---

1. As discussed below, the bankruptcy code provision cited by the plaintiff is inapposite

and does not entitle him to relief.

claim. In accordance with *Semtek*, such an action is barred by the preclusive effect of the court's adjudication in the first action.[2]

In any event, Grant has once again failed to submit a complaint that contains a short and plain statement of a claim showing that he is entitled to relief and once again has not asserted any basis for federal jurisdiction. Grant argues that he is a third-party beneficiary of the insurance policy issued by Progressive to Fountain's, and therefore Progressive is liable to him for the debt owed by Fountain's. The complaint filed by Grant in this action asserts that he is entitled to recover against the defendants pursuant to 11 U.S.C. § 524(e). Grant argues that the court cannot dismiss this action because the court has not ruled on the merits of the plaintiff's claim under § 524(e) of Bankruptcy Code.

Grant's argument is based on a misunderstanding of the provisions of § 524(e). A discharge in bankruptcy "operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor." 11 U.S.C. 524(a)(2). However, the "discharge of a debt of the debtor does not affect the liability of any other entity on, or the property of any other entity for, such a debt." 11 U.S.C. 524(e). As the Second Circuit has noted, "the language of these sections reveals that Congress sought to free the debtor of his personal obligations while ensuring that no one else reaps a similar benefit." *Green v. Welsh*, 956 F.2d 30, 33 (2d Cir.1992). In *Green*, the Second Circuit interpreted these provisions to permit a plaintiff to proceed against a discharged debtor solely to recover from the debtor's insurer. *Id.* at 35. *See also In re Western Real Estate Fund, Inc.*, 922 F.2d 592, 601 (10th Cir. 1990) ("Neither the confirmation of a plan nor the creditor's recovery (of partial satisfaction) thereunder bars litigation against third parties for the remainder of the discharged debt."); *In re Jet Florida Systems, Inc.*, 883 F.2d 970 (11th Cir.1989) ("However, a discharge will not act to enjoin a creditor from taking action against another who also might be liable to the creditor.").

■ Grant cites these cases and provisions as the basis for federal jurisdiction in the instant action. Although the remainder of the debt owed to Grant by Fountain's was discharged in the reorganization, Grant contends that § 524(e) allows him to recover the remainder of the debt owed from Progressive and Chodos. Although § 524(e) provides that third parties are not shielded from liability by the discharge of the debtor in bankruptcy or by the § 524(a) injunction, § 524(e) does not itself provide a cause of action against such third parties and the plaintiff has not identified any cause of action against Progressive or Chodos. Nor has Grant previously obtained any judgment against either Progressive or Chodos. Grant argues that the

**2.** Grant argues that *Costello v. United States*, 365 U.S. 265, 81 S.Ct. 534, 5 L.Ed.2d 551 (1961), supports his argument that a prior dismissal that did not resolve the substantive merits of the case does not bar a subsequent action on the same claim. In *Costello*, the Supreme Court held that the dismissal of a denaturalization proceeding for failure to file an affidavit of good cause was a dismissal for lack of jurisdiction within the meaning of Rule 41(b). Therefore, the dismissal fell under one of the enumerated exceptions within Rule 41(b) and did not operate as an adjudication on the merits which would bar a second proceeding. Here, the court's dismissal of Grant's first action was based on the failure of the plaintiff to comply with the court order requiring him to file a complaint that satisfied the pleading requirements of the Federal Rules of Civil Procedure. In addition, this court specifically stated that the plaintiff's case was being dismissed with prejudice.

state court decisions denying Progressive's motions for summary judgment are evidence of its liability to him. But these decisions merely held that a genuine issue of material fact existed as to whether Grant was a third party beneficiary under Progressive's policy and as to whether Progressive owed a duty to Grant. The state court also held that a genuine issue of material fact existed as to the extent of the relationship between the Progressive and the plaintiff and the duration of any duty owed to the plaintiff. However, these decisions did not establish any liability on the part of Progressive.

Finally, in his submissions to the court, Grant also argues that he has a legal malpractice claim against his former attorney, W. Martyn Philpot, based on a failure to pursue a claim under § 524(e) of the Bankruptcy Code and an alleged conflict of interest resulting from his former employment as assistant corporation counsel for the City of New Haven, a defendant in state court actions brought by Grant. This court has no jurisdiction over any such claim.

Although the court sympathizes with the plaintiff's plight to recover on the judgment he obtained in state court, the plaintiff has been unable to assert a viable cause of action, and the court cannot create one for him. Therefore, the court has no choice but to grant the defendant's motion to dismiss.

### III. CONCLUSION

For the reasons set forth above, the Defendants' Motion to Dismiss (Doc. No. 16) is hereby GRANTED. The Plaintiff's Motion for Judgment (Doc. No. 12), Motion for Summary Judgment (Doc. No. 13), Motion for Order of Judgment (Doc. No. 14), Motion in Support of Motion for Order of Judgment (Doc. No. 19), Motion in Support of Cause of Action (Doc. No. 20), Motion for Judgment on the Pleadings (Doc. No. 22), and Motion for Reconsideration (Doc. No. 28) are hereby DENIED. The Defendants' Motion for Oral Argument (Doc. No. 18) is hereby DENIED as moot.

The Clerk shall close this case.

It is so ordered.