# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
August 21, 2012 Session

## JEFFREY R. COOPER v. PHILLIP GLASSER, RICHARD GLASSER, DAVID GLASSER AND DOES 1-50

### Appeal from the Circuit Court for Davidson County
No. 11C3952    Joe Binkley, Jr., Judge

_____

### No. M2012-00344-COA-R3-CV - Filed October 12, 2012

_____

Jeffrey R. Cooper ("Cooper") sued Phillip Glasser, Richard Glasser, and David Glasser ("the Defendants[1]") in the Circuit Court for Davidson County ("the Trial Court") for, among other things, breach of contract. Cooper previously had filed two lawsuits arising out of the same underlying facts as those of this lawsuit. Both previous lawsuits, the first in a California state court and the second in a United States District Court in Tennessee, were voluntarily dismissed. The Defendants filed a motion for summary judgment. The Trial Court held that the second voluntary dismissal in federal court was a judgment on the merits under the Federal Rules of Civil Procedure, and, *res judicata* prevented Cooper from filing suit for a third time in Tennessee. Cooper appeals. We affirm.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed; Case Remanded

D. MICHAEL SWINEY, J., delivered the opinion of the Court, in which HERSCHEL P. FRANKS, P.J., and JOHN W. MCCLARTY, J., joined.

Richard S. Busch and Andrew W. Coffman, Nashville, Tennessee, for the appellant, Jeffrey R. Cooper.

Stephen A. Lund and Cheyanne K. Kinghorn, Nashville, Tennessee, for the appellees, Phillip Glasser, Richard Glasser and David Glasser.

---

[1]While other defendants were sued, the final judgment before us on appeal is with respect only to the Glassers.

# OPINION

## Background

In June 2010, Cooper sued the Defendants in Los Angeles, California Superior Court. In essence, Cooper alleged he was aggrieved by a business venture in the entertainment sector with the Defendants in which the latter allegedly failed to follow through on their obligations. Cooper alleged a number of causes of action, including breach of contract and fraud. Cooper voluntarily dismissed this lawsuit without prejudice. In November 2010, Cooper sued the Defendants in the United States District Court for the Middle District of Tennessee. Cooper voluntarily dismissed this second lawsuit. In October 2011, Cooper filed suit against the Defendants for the third time, this time in the Trial Court. The Defendants moved for summary judgment, arguing that under the "two dismissal rule" of Fed. R. Civ. P. 41(a)(1)(A)(i), Cooper's voluntary dismissal operated as a judgment on the merits under Fed. R. Civ. P. 41 (a)(1)(B), and, therefore, Cooper's third lawsuit was barred by *res judicata*.

In January 2012, following a hearing, the Trial Court granted the Defendants' motion for summary judgment, stating in its order, in part:

> The material facts of this case are undisputed. The Plaintiff, Jeffrey R. Cooper, filed a civil action in California state court against the Glassers ("First Action"). The causes of action in the First Action were as follows: (1) Violation of Section 25110 of the California Corporate Securities Law of 1968; (2) Fraud; (3) Breach of Contract; (4) Conversion; (5) Promissory Estoppel; (6) Tortious Interference with Contractual Relations; and (7) Declaratory Relief. Mr. Cooper voluntarily dismissed the First Action without prejudice. Mr. Cooper then filed a civil action in the United States District Court for the Middle District of Tennessee ("Federal Action"). The Federal Action was premised upon federal question jurisdiction and involved the same parties and the same facts as the First Action. The causes of action in the Federal Action were as follows: (1) Violation of Section 5 of the Securities Act of 1933; (2) Violation of Rule 10b-5 of the Securities Exchange Act of 1934; (3) Violation of Section 48-2-104 of the Tennessee Securities Act of 1988; (4) Violation of Section 25110 of the California Corporate Securities Law of 1968; (5) Fraud; (6) Breach of Contract; (7) Conversion; (8) Promissory Estoppel; and (9) Tortious Interference with Contractual Relations. Mr. Cooper voluntarily dismissed the Federal Action without prejudice pursuant to Fed. R. Civ. P. 41(a)(1). Mr. Cooper then filed this present action ("Third Action"). It is undisputed that the claims asserted in this Third Action

involve the same parties and the same facts as asserted in the First Action and the Federal Action. The causes of action in the Third Action were as follows: (1) Fraud; (2) Breach of Contract; and (3) Promissory Estoppel.

In Federal question cases, the Court is bound to give a judgment of a Federal Action the same preclusive effect as the United States District Court in which the judgment was rendered. *Regions Financial Corp. v. Marsh USA, Inc.*, 310 S.W.3d 382, 391 (Tenn. Ct. App. 2009). The Court finds that the federal court would give the dismissal of the Federal Action preclusive effect for *res judicata* purposes.

The Federal Action was dismissed under Fed. R. Civ. P. 41(a)(1). That rule states:

> Unless the notice or stipulation states otherwise, the dismissal is without prejudice. But if the plaintiff previously dismissed any federal-or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits.

> Fed. R. Civ. P. 41 (a)(1)(B)

There is no dispute that the Federal Action was based upon the same facts and contained some of the same claims as those asserted in the First Action. Accordingly, the dismissal of the Federal Action operated as an adjudication on the merits. Fed. R. Civ. P. 41(a)(1)(B). The Court finds that such dismissal is preclusive for *res judicata* purposes.

The Court notes that Mr. Cooper has named Does 1-50 as defendants. The Does defendants are not before the Court on this motion. Accordingly, the Court reserves ruling with respect to Does 1-50. The Court further finds that there is no just reason for delay and that this Order should be made final pursuant to Tenn. R. Civ. P. 54.02 with respect to the Glassers.

Accordingly, it is **ORDERED, ADJUDGED** and **DECREED** as follows:

1. All claims against the Glassers are hereby **DISMISSED WITH PREJUDICE;** . . . .

Cooper appeals the judgment of the Trial Court.

## Discussion

We restate Cooper's issues on appeal as follows: whether the Trial Court erred in granting summary judgment in favor of the Defendants on the basis that *res judicata* barred Cooper's lawsuit. The Defendants raise the additional issue of whether Cooper's appeal is frivolous, and whether they are entitled to attorney's fees and costs on that basis.

This case was disposed of by summary judgment. The issue on appeal being a question of law only, our review is conducted "under a pure *de novo* standard of review, according no deference to the conclusions of law made by the lower courts." *Southern Constructors, Inc. v. Loudon County Bd. Of Educ.,* 58 S.W.3d 706, 710 (Tenn. 2001).

The Federal Rules of Civil Procedure provide for voluntary dismissals by plaintiffs:

> **(A)** *Without a Court Order*. Subject to Rules 23(e), 23.1(c), 23.2, and 66 and any applicable federal statute, the plaintiff may dismiss an action without a court order by filing:
>
> > **(i)** a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or
> >
> > **(ii)** a stipulation of dismissal signed by all parties who have appeared.
>
> **(B)** *Effect*. Unless the notice or stipulation states otherwise, the dismissal is without prejudice. But if the plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits.

Fed. R. Civ. P. 41 (a).

Thus, under the federal rules, a plaintiff has one chance to voluntarily dismiss a lawsuit and file a second suit. Tennessee, however, provides for two such chances, as "a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has *twice dismissed* in any court an action based on or including the same claim." Tenn. R. Civ. P. 41.01 (2) (emphasis added).

Cooper argues that the Trial Court erred in giving preclusive effect to the dismissal in federal court of his second lawsuit. Though acknowledging that he cannot file his lawsuit again in federal court, Cooper asserts that he should be allowed to file in Tennessee state court under Tennessee's more liberal three-dismissal rule. Cooper invokes the United States Supreme Court opinion *Semtek Intern. Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 121 S.Ct. 1021, 149 L.Ed.2d 32 (2001) in support of his argument. In *Semtek*, a California Federal District Court, hearing a matter based on diversity jurisdiction, dismissed an action on the merits based on California's statute of limitations. *Semtek*, 531 U.S. at 499, 121 S.Ct. 1021. The petitioner later filed suit in Maryland state court. *Id*. The Maryland state court held that the suit was barred under the doctrine of *res judicata*. *Id.* at 500, 121 S.Ct. 1021. The Maryland Court of Special Appeals affirmed, and, ultimately, the petitioner appealed to the U.S. Supreme Court. *Id*. The Supreme Court, in reversing the Maryland court's judgment, stated: "it is no longer true that a judgment 'on the merits' is necessarily a judgment entitled to claim-preclusive effect; and there are a number of reasons for believing that the phrase 'adjudication upon the merits' does not bear that meaning in Rule 41(b)." *Id*. at 503, 121 S.Ct. 1021. The Supreme Court went on to opine:

> We think, then, that the effect of the "adjudication upon the merits" default provision of Rule 41(b)—and, presumably, of the explicit order in the present case that used the language of that default provision—is simply that, unlike a dismissal "without prejudice," the dismissal in the present case barred refiling of the same claim in the United States District Court for the Central District of California. That is undoubtedly a necessary condition, but it is not a sufficient one, for claim-preclusive effect in other courts.

> Having concluded that the claim-preclusive effect, in Maryland, of this California federal diversity judgment is dictated neither by *Dupasseur v. Rochereau*, as petitioner contends, nor by Rule 41(b), as respondent contends, we turn to consideration of what determines the issue. Neither the Full Faith and Credit Clause, U.S. Const., Art. IV, § 1, nor the full faith and credit statute, 28 U.S.C. § 1738, addresses the question. By their terms they govern the effects to be given only to state-court judgments (and, in the case of the statute, to judgments by courts of territories and possessions). And no other federal textual provision, neither of the Constitution nor of any statute, addresses the claim-preclusive effect of a judgment in a federal diversity action.

> It is also true, however, that no federal textual provision addresses the claim-preclusive effect of a federal-court judgment in a federal-question case, yet we have long held that States cannot give those judgments merely whatever

effect they would give their own judgments, but must accord them the effect that this Court prescribes. See *Stoll v. Gottlieb,* 305 U.S. 165, 171–172, 59 S.Ct. 134, 83 L.Ed. 104 (1938); *Gunter v. Atlantic Coast Line R. Co.*, 200 U.S. 273, 290–291, 26 S.Ct. 252, 50 L.Ed. 477 (1906); *Deposit Bank v. Frankfort*, 191 U.S. 499, 514–515, 24 S.Ct. 154, 48 L.Ed. 276 (1903). The reasoning of that line of cases suggests, moreover, that even when States are allowed to give federal judgments (notably, judgments in diversity cases) no more than the effect accorded to state judgments, that disposition is by direction of *this* Court, which has the last word on the claim-preclusive effect of *all* federal judgments . . . .

\*\*\*

In short, federal common law governs the claim-preclusive effect of a dismissal by a federal court sitting in diversity.

*Semtek*, 531 U.S. at 506-07, 121 S.Ct. 1021 (footnotes omitted).

The *Semtek* court then proceeded to hold:

Since state, rather than federal, substantive law is at issue there is no need for a uniform federal rule. And indeed, nationwide uniformity in the substance of the matter is better served by having the same claim-preclusive rule (the state rule) apply whether the dismissal has been ordered by a state or a federal court. This is, it seems to us, a classic case for adopting, as the federally prescribed rule of decision, the law that would be applied by state courts in the State in which the federal diversity court sits. As we have alluded to above, any other rule would produce the sort of "forum-shopping ... and ... inequitable administration of the laws" that *Erie* seeks to avoid, since filing in, or removing to, federal court would be encouraged by the divergent effects that the litigants would anticipate from likely grounds of dismissal.

This federal reference to state law will not obtain, of course, in situations in which the state law is incompatible with federal interests. If, for example, state law did not accord claim-preclusive effect to dismissals for willful violation of discovery orders, federal courts' interest in the integrity of their own processes might justify a contrary federal rule. No such conflict with potential federal interests exists in the present case. Dismissal of this state cause of action was decreed by the California federal court only because the California statute of limitations so required; and there is no conceivable federal

-6-

interest in giving that time bar more effect in other courts than the California courts themselves would impose.

*Semtek*, 531 U.S. at 508-09, 121 S.Ct. 1021 (citations omitted).

Cooper argues that, according to *Semtek*, the Trial Court should have applied our Tennessee rule permitting a third filing. We disagree. There are at least two significant differences between *Semtek* and the instant case. First, the Federal District Court in *Semtek* received its jurisdiction from diversity, whereas the Federal District Court in the instant case received its jurisdiction from the federal question involved and supplemental jurisdiction. Second, the dismissal in *Semtek* had its roots in a state statute of limitations defense, whereas, in the instant case, Cooper took a voluntary dismissal in the Federal District Court under Fed. R. Civ. P. 41 (a).

We regard these distinctions as decisive. Cooper's second action was voluntarily dismissed in federal court according to federal rules. The Federal District Court's jurisdiction was based on federal question and, for the state law claims, supplemental jurisdiction, but not diversity jurisdiction. The dismissal of the second action was of a purely federal character, notwithstanding the state law claims. The federal court was not taking on the characteristics of another state court when Cooper took a voluntary dismissal. Under the "two dismissal rule," Cooper is barred from filing his action again in federal court, a point he concedes. We, however, disagree with Cooper on the state consequences of the dismissal, and believe that we are required to observe the *res judicata* effect of Cooper's dismissal of the second action under the federal rules.

We believe our result conforms to the holding in *Semtek* and its emphasis on federalism and opposition to providing incentives to forum shopping. Cooper, as plaintiff, selected the fora in question, and, he also chose twice to voluntarily dismiss his suit. We believe Cooper is stuck, as it were, with his decision to dismiss his second action, anchored in federal claims, in federal court with its "two dismissal rule." To be clear, we do not hold that the Federal District Court's dismissal is entitled to preclusive effect in our state courts *ipso facto*. That would, in fact, be contrary to *Semtek*. Rather, it is because of the specific circumstances of the instant case as discussed that we hold that the voluntary dismissal of Cooper's second action in the Federal District Court bars his filing suit for a third time in Tennessee state court. We affirm the judgment of the Trial Court.

Cooper also argues that barring his lawsuit would be inequitable as he never has had his case adjudicated on the merits. We, however, believe that equity could just as strongly be argued for the Defendants' cause in that they would be relieved from having to defend a lawsuit filed for the third time after Cooper's two voluntary dismissals in courts in

-7-

two states. At the very least, we do not believe equity requires permitting Cooper to file his third action in Tennessee state court.

Finally, we address the Defendants' issue regarding whether Cooper's appeal is frivolous. The Defendants allege Cooper has cited no authority that entitles him to victory on appeal. " 'A frivolous appeal is one that is 'devoid of merit,' or one in which there is little prospect that [an appeal] can ever succeed.'" *Morton v. Morton*, 182 S.W.3d 821, 838 (Tenn. Ct. App. 2005) (quoting *Industrial Dev. Bd. of the City of Tullahoma v. Hancock*, 901 S.W.2d 382, 385 (Tenn. Ct. App. 1995)).

We decline to hold this appeal frivolous. On the contrary, this appeal represents a legitimate and meritorious question of law. As some questions of law genuinely are murky or unsettled, an appeal is not rendered frivolous simply because an appellant cannot point to a directly relevant holding from controlling authority concerning an issue. If an appeal is rooted in serious, logical arguments, and, draws from such authorities as are available, as this one does, we will not fault an appellant for entering uncharted waters on an appeal, or, otherwise presenting a reasonable argument that may not have unequivocal precedential support. In sum, this is not a frivolous appeal. Nevertheless, we affirm the judgment of the Trial Court for the reasons previously discussed.

### Conclusion

The judgment of the Trial Court is affirmed, and this cause is remanded to the Trial Court for collection of the costs below. The costs on appeal are assessed against the Appellant, Jeffrey R. Cooper, and his surety, if any.

_____
D. MICHAEL SWINEY, JUDGE