**In re Maria Villarreal CAMACHO, Debtor(s).**

**Maria Villarreal Camacho, Plaintiff(s),**

v.

**Greenpoint Mortgage Funding, Inc., Bank of America, N.A.; 101 Financial Enterprises, Inc.; Aurora Bank, FSB fka Lehman Brothers Bank, FSB; Fidelity National Title Company; US Bank National Association as Trustee for Lehman Brothers Small Balance Commercial Mortgage Pass–Through Certificates, Series 2007–3, Defendant(s).**

Bankruptcy No. 12–35648–C–7.
Adversary No. 12–2608.

United States Bankruptcy Court,
E.D. California.

March 18, 2013.

Maria Villarreal Camacho, in propria persona, plaintiff.

Sara Firoozeh, Houser & Allison, Irvine, CA, for defendant U.S. Bank National Association, as Trustee for Lehman Brothers Small Balance Commercial Mortgage Pass-through Certificates, Series 2007–3.

Caroline R. Djang, Rutan & Tucker, LLP, Costa Mesa, CA, for defendant GreenPoint Mortgage Funding, Inc.

Monique D. Jewett–Brewster, Bryan Cave, LLP, San Francisco, CA, for defendant Bank of America, N.A.

## OPINION

KLEIN, Bankruptcy Judge.

A husband and wife tag team who have used serial adversary proceedings to wrestle with a lender now find themselves pinned by the so-called "two dismissal rule" of Federal Rule of Civil Procedure 41(a)(1)(B). In the course of seven bankruptcy cases, they filed three adversary proceedings asserting the same claim against the same defendants, the first two of which were voluntarily dismissed by notices of dismissal under Rule 41(a)(1)(A)(i). The unilateral second dismissal operates "as an adjudication on the merits" that ends the wrestling match in this court. Hence, the third adversary proceeding is DISMISSED.

The linchpin of the rationale is that the term "same claim" in Rule 41(a)(1)(B) means "claim" as used in the *Restatement (Second) of Judgments* § 24. That is, "same claim" is determined under a transactional analysis to include all rights of a plaintiff to remedies against a defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose. Here, all relief sought in the complaints arises out of a common nucleus of operative facts.

## Facts

J. Pedro Zarate and Maria Villarreal Camacho are spouses who own, as community property, a small commercial shopping center in the City of San Joaquin, California, with respect to which they obtained what they describe as a "refinancing purchase money loan" through Greenpoint Mortgage Funding, Inc. They contend that this loan was an instance of predatory lending.

The Greenpoint loan, which made its way into mortgage-backed securities, is the focus of the dispute being pursued by Zarate and Camacho in which they seek to obtain clear title to the real property, damages, and declaratory and injunctive relief.

The couple has chosen to use the bankruptcy court as the forum for pursuing their claim against Greenpoint and other entities involved in the loan throughout its history. Their strategy is serial filing.

Zarate has filed six chapter 13 cases in the Eastern District of California: (1) No. 08–34307, filed October 3, 2008, dismissed November 18, 2008; (2) No. 09–40590, filed September 24, 2009, dismissed November 10, 2009; (3) No. 11–40715, filed August 25, 2011, dismissed October 12, 2011; (4) No. 11–48088, filed December 1, 2011, dismissed March 28, 2012; (5) No. 12–26252, filed March 30, 2012, dismissed September 11, 2012; and (6) No. 13–22346, filed February 22, 2013, which is still pending.

Camacho filed a chapter 7 case, No. 12–35648, on August 28, 2012, and has received a chapter 7 discharge.

Three adversary proceedings have been filed by the couple thus far against Greenpoint and entities in privity with Greenpoint: (1) *Zarate v. Greenpoint Mortgage Funding, Inc., et al.*, No. 12–02113, filed March 9, 2012, voluntarily dismissed by notice of dismissal filed under Fed.

R.Civ.P. 41(a)(1)(A)(i) March 29, 2012; (2) *Zarate v. Greenpoint Mortgage Funding, Inc., et al.,* No. 12–02206, filed May 3, 2012, voluntarily dismissed by notice of dismissal filed under Fed.R.Civ.P. 41(a)(1)(A)(i) September 11, 2012; and (3) *Camacho v. Greenpoint Mortgage Funding, Inc., et al.,* No. 12–02608, filed October 17, 2012.

Although the successive complaints allege additional theories of recovery, the factual allegations in each complaint reveal that the factual basis for all such theories is the Greenpoint loan. Thus, Camacho conceded orally on the record on February 26, 2013, that her adversary proceeding No. 12–02608 does not materially differ from the two complaints that were filed by her husband and voluntarily dismissed.

The voluntary dismissals of Adversary Nos. 12–02113 and 12–02206 were by Zarate through counsel, who filed notices of dismissal before a defendant filed an answer or a motion for summary judgment as permitted by Rule 41(a)(1)(A).

Camacho filed the instant, third, adversary proceeding on October 17, 2012, following her husband's dismissal of the second adversary proceeding on September 11, 2012.

## Jurisdiction

Jurisdiction is founded on 28 U.S.C. § 1334(b). The power of a bankruptcy judge over this adversary proceeding is governed by 28 U.S.C. § 157.

The gravamen of the complaint sounds in non-core theories. All defendants expressly consented orally on the record in open court that a bankruptcy judge may hear and determine the matter in its entirety. 28 U.S.C. § 157(c)(2) (non-core); *Executive Benefits Ins. Agency v. Arkison (In re Bellingham Ins. Agency, Inc.,* 702 F.3d 553, 567–70 (9th Cir.2012) (core)). The plaintiff likewise consented orally on the record, and also consented by conduct in two respects: by filing this lawsuit alleging that it is a core proceeding and by not subsequently questioning this court's authority over the action. *Id.* Accordingly, this court has the power to "hear and determine" the adversary proceeding in its entirety, regardless of core or non-core status.

## Analysis

■ The "two dismissal rule" in Civil Rule 41(a)(1)(B) is a basic feature of federal civil procedure that applies in bankruptcy adversary proceedings. Fed.R.Civ.P. 41(a)(1)(B), *incorporated by* Fed. R. Bankr.P. 7041. It limits access to the federal courts for those who file serial lawsuits.

### I

■ The "two dismissal rule" is a limiting principle for the general rule that a plaintiff may at any time before a defendant serves an answer or motion for summary judgment voluntarily dismiss a civil action without a court order either by notice of dismissal or by stipulation by parties who have appeared.[1] Fed.R.Civ.P. 41(a)(1)(A), *incorporated by* Fed. R. Bankr.P. 7041; *Cooter & Gell v. Hartmarx Corp.,* 496 U.S. 384, 397–98, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990) (history of rule).

---

**1.** Rule 41(a)(1)(A) ("Voluntary Dismissal—By the Plaintiff") provides:

  (A) *Without a Court Order.* Subject to Rules 23(e), 23.1(c), 23.2, and 66 and any applicable federal statute, the plaintiff may dismiss an action without a court order by filing:

    (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or
    (ii) a stipulation of dismissal signed by all parties who have appeared.

Fed.R.Civ.P. 41(a)(1)(A), *incorporated by* Fed. R. Bankr.P. 7041.

## A

■ The effect of a unilateral dismissal depends upon whether the action previously has been dismissed. The first voluntary dismissal by notice or stipulation is presumptively without prejudice unless otherwise stated. A second notice of dismissal, however, operates as an "adjudication on the merits" if the plaintiff has previously dismissed any action in state or federal court based on or including the same claim. Fed.R.Civ.P. 41(a)(1)(B), *incorporated by* Fed. R. Bankr.P. 7041.[2]

Here, there were two Rule 41(a)(1)(a)(i) voluntary dismissals of adversary proceedings in this court by notices of dismissal before the third adversary proceeding was filed.

## B

■ The dismissals are deemed to have been by the same plaintiff as in the third action due to the relationship of the two individual plaintiffs. Zarate and Camacho are spouses in a community property state pursuing community property claims. That is sufficient to warrant treating them as the same plaintiff. They are so closely aligned in interest that each is virtual representative of the other. *FDIC v. Alshuler (In re Imperial Corp. of Am.),* 92 F.3d 1503, 1506 (9th Cir.1996); *Nordhorn v. Ladish Co.,* 9 F.3d 1402, 1405 (9th Cir. 1993); *Lake at Las Vegas Investors Group, Inc. v. Pac. Malibu Dev. Corp.,* 933 F.2d 724, 727 (9th Cir.1991); 8 James Wm. Moore et al., Moore's Federal Practice § 41.33[7][k] (3d ed. 2012) ("Moore's").

## II

The key question under Rule 41(a)(1)(B) is the meaning of the term "same claim." If the second action asserted a different "claim," then the "two dismissal rule" would not apply.

## A

■ There is little discussion in the cases of what constitutes "the same claim" for purposes of the "two dismissal rule." 9 Chas. A. Wright & Arthur R. Miller, Federal Practice & Procedure § 2368 (3d ed. 2008); Moore's, §§ 41.33[7][e] & [f].

One must be precise about the meaning of "same claim" in Rule 41(a)(1)(B) because the word "claim" in the Civil Rules is subject to the formal fallacy of ambiguity where one word has different meanings. Since "claim" has multiple meanings in the Civil Rules, the outcome depends upon which meaning applies here. Moore's, § 131.10[3][b]; *cf. United States v. Memphis Cotton Oil Co.,* 288 U.S. 62, 67–68, 53 S.Ct. 278, 77 L.Ed. 619 (1933) ("'cause of action' may mean one thing for one purpose and something different for another.").

The pleading requirements in Rule 8 use the term "claim for relief" in the sense that can mean a theory for relief based on a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a). A party may state "as many separate claims" as it has, regardless of whether they are consistent. Fed.R.Civ.P. 8(d)(3).

If "same claim" means same grounds or theory of the case or remedies or forms of relief, then the "two dismissal rule" would

---

**2.** The formal statement of the "two dismissal rule" is in the second sentence of Rule 41(a)(1)(B):

(B) *Effect.* Unless the notice or stipulation states otherwise, the dismissal is without prejudice. *But if the plaintiff previously*

*dismissed any federal- or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits.*

Fed.R.Civ.P. 41(a)(1)(B), *incorporated by* Fed. R. Bankr.P. 7041 (emphasis supplied).

not necessarily be fatal to the instant adversary proceeding because Camacho added an additional theory for recovery in her complaint even though she concedes that the underlying facts are the same for all of the counts in her complaint.

If, however, "same claim" means "claim" in the broader sense of the *Restatement (Second) of Judgments*—all of plaintiff's rights to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose—then the "two dismissal rule" is fatal. RESTATEMENT (SECOND) OF JUDGMENTS § 24 ("RESTATEMENT").[3]

The *Restatement* definition of "claim" includes other grounds or theories of the case not presented in the first action, as well as other forms of relief. RESTATEMENT § 25.[4] The structure and context of Rule 41(a)(1) answers the question in favor of the broader *Restatement* version associated with claim preclusion.

The structure of Rule 41(a)(1) links the term "same claim" with "adjudication on the merits." This connotes the concept of the "claim" for purposes of the rules of res judicata. For those purposes, "claim"

means "all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose."

The context confirms that the *Restatement* meaning of "claim" controls. What is being dismissed under Rule 41(a) is an entire lawsuit that, if it had gone to judgment in the ordinary course, would have provided the basis for claim preclusion under the *Restatement* analysis.

**B**

■ The question then becomes: what consequence follows from the proposition that the second dismissal, in the words of Rule 41(a)(1)(B), "operates as an adjudication on the merits"?

The Supreme Court has answered that question: "adjudication upon the merits" in Rule 41 is the opposite of dismissal "without prejudice." *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505, 121 S.Ct. 1021, 149 L.Ed.2d 32 (2001) ("*Semtek*").

■ Dismissal "without prejudice," in turn, means dismissal without barring the

---

3. Under *Restatement* § 24:

§ 24. Dimensions of "Claim" for Purposes of Merger or Bar—General Rule Concerning "Splitting"

(1) When a valid and final judgment rendered in an action extinguishes the plaintiff's claim pursuant to the rules of merger or bar (see §§ 18, 19), the claim extinguished includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose.

(2) What factual grouping constitutes a "transaction", and what groupings constitute a "series", are to be determined pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and

whether their treatment as a unit conforms to the parties' expectations or business understanding or usage.

RESTATEMENT (SECOND) OF JUDGMENTS § 24.

4. Under *Restatement* § 25:

§ 25. Exemplification of General Rule Concerning Splitting

The rule of § 24 applies to extinguish a claim by the plaintiff against the defendant even though the plaintiff is prepared in the second action

(1) To present evidence or grounds or theories of the case not presented in the first action; or

(2) To seek remedies or forms of relief not demanded in the first action.

RESTATEMENT (SECOND) OF JUDGMENTS § 25 ("Exemplification of General Rule Concerning Splitting").

plaintiff from returning to the federal court with the same claim. *Id.*

Conversely, a dismissal that is an "adjudication upon the merits," is a dismissal that does bar the plaintiff from returning to the federal court with the same claim.

An "adjudication on the merits" is a necessary condition, but is not always a sufficient condition, for claim-preclusive effect in other courts. *Id.* at 505–06, 121 S.Ct. 1021.

 Thus, *Semtek* teaches that the unilateral second dismissal of the Zarate/Camacho claim operated as Rule 41(a)(1)(B) "adjudication on the merits" that barred refiling of the "same claim," determined in accordance with Restatement § 24, in a federal court. Thus, Camacho's adversary proceeding is barred.

### C

One final nit. As *Semtek* was decided under the version of Civil Rule 41 that applied until the restyling of the Civil Rules in 2007, it is appropriate to confirm that the restyling did not introduce an inadvertent substantive change in Rule 41(a)(1).

Although the language of Rule 41(a)(1) was revised in 2007, both the previous version and the current version of the rule link the term "same claim" with "adjudication on the merits." [5]

Hence, the 2007 restyling did not materially alter Rule 41(a)(1). The issue of the meaning of "same claim" in Rule 41(a)(1)(B) has been inherent in the rule since its inception. The linked terms "same claim" and "adjudication on the merits" were in the former rule, as well as, in the restyled rule.

Hence, *Semtek* continues to control the construction of Rule 41 in the post–2007 restyled rules.

### Conclusion

The adversary proceeding filed by Camacho following the unilateral second dismissal of an adversary proceeding by her spouse, Zarate, is barred by virtue of the Rule 41(a)(1)(B) "two dismissal rule." It presents the same claim, determined under *Restatement (Second) of Judgments* § 24, asserted by plaintiffs who are virtual representatives of each other as spouses in a community property state asserting a community property claim. The federal forum wrestling match is over. A rematch, if any would be permitted, would have to occur in a state court of competent jurisdiction.

This adversary proceeding is DISMISSED.

---

**5.** Before the 2007 restyling amendments, the relevant part of Rule 41(a)(1) provided:

> Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of the United States or of any state an action based on or including the same claim.

Fed.R.Civ.P. 41(a)(1) (second sentence), *repealed* 2007.

> After 2007, the rule provides:

> (B) *Effect.* Unless the notice or stipulation states otherwise, the dismissal is without prejudice. But if the plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits.

Fed.R.Civ.P. 41(a)(1)(B), *incorporated by* Fed. R. Bankr.P. 7041.

The Advisory Committee note to the 2007 amendment explains, "the changes are intended to be stylistic only." Fed.R.Civ.P. 41(a)(1), advisory committee note 2007.