**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-24-0000033**
**20-MAR-2026**
**07:59 AM**
**Dkt. 60 SO**

NO. CAAP-24-0000033

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

WILLIAM H. GILLIAM, Plaintiff-Appellant, v.
SUSAN GALE GALVIN, incorrectly identified as
SUSAN GAIL GALVIN, AS PERSONAL REPRESENTATIVE OF
MICHAEL J. GALVIN, DECEASED; JOAN CHERICE KRUSSEL, NOW KNOWN AS
JOAN CHERICE COTE; and MATT COTE, ALSO KNOWN AS MATHEW A. COTE,
Defendants-Appellees

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 5CCV-20-0000024)

SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, Hiraoka and Guidry, JJ.)

Plaintiff-Appellant William H. Gilliam (**Gilliam**), self-represented, appeals from the February 26, 2024 Judgment entered against him by the Circuit Court of the Fifth Circuit (**Circuit Court**).[1] Gilliam also challenges: (1) the December 13, 2023 Order Granting in Part [Defendant-Appellee] Susan Gale Galvin's [(**Galvin's**)[2]] Motion for Summary Judgment (**Partial SJ Order**), (2) the December 14, 2023 Order Granting [Galvin's] Motion for Summary Judgment (**Further SJ Order**), and (3) the February 26,

---

[1]   The Honorable Randal G.B. Valenciano (**Judge Valenciano**) presided.

[2]   Galvin is the personal representative of Michael J. Galvin, deceased.

2024 Order Denying [Gilliam's] Motion for Recusal (**Recusal Order**).

Gilliam raises three points of error on appeal, contending that the Circuit Court erred in: (1) its dismissal of Gilliam's claims because the federal court's dismissal of Gilliam's federal court complaint was not a dismissal on the merits; (2) engaging in *ex parte* communications with Galvin's counsel and not recusing; and (3) not providing Gilliam with notice of the hearing on Gilliam's motion for recusal.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised, we resolve Gilliam's points of error as follows:

(1) Gilliam argues that the Circuit Court erred when it granted summary judgment to Galvin because his claims are not barred by *res judicata*. Gilliam argues that the rulings of the United States District Court for the District of Hawai'i (**USDC**) should not be given preclusive effect because they did not constitute an adjudication on the merits.

*Res judicata*, or claim preclusion, bars subsequent litigation of the same cause of action. E. Sav. Bank, FSB v. Esteban, 129 Hawai'i 154, 160, 296 P.3d 1062, 1068 (2013). In cases based on federal question jurisdiction, federal law governs whether *res judicata* bars subsequent litigation in state court. Wong v. Cayetano, 111 Hawai'i 462, 477, 143 P.3d 1, 16 (2006), (citing Semtek Int'l Inc. v. Lockheed Martin Corp., 531 U.S. 497, 507 (2001)).

Under federal law, a party asserting *res judicata* must show "(1) the same parties, or their privies, were involved in the prior litigation, (2) the prior litigation involved the same claim or cause of action as the later suit, and (3) the prior litigation was terminated by a final judgment on the merits." Cent. Delta Water Agency v. U.S., 306 F.3d 938, 952 (9th Cir. 2002). An order granting a motion to dismiss pursuant to Federal Rules of Civil Procedure (**FRCP**) 12(b)(6) is a final judgment on the merits entitled to preclusive effect. See, e.g., Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 399 n.3 (1981).

We first address Gilliam's Lanham Act claim. The USDC dismissed Gilliam's Lanham Act claim pursuant to FRCP Rule 12(b)(6). The Lanham Act claim was based on federal law and subject to federal question jurisdiction. For these reasons, the final dismissal of this claim constitutes a final judgment on the merits under federal law. See id. Therefore, it is entitled to preclusive effect in Hawaiʻi courts. Thus, we conclude that the Circuit Court did not err in entering the Partial SJ Order, which dismissed Gilliam's Lanham Act claim (Count VI of Gilliam's Circuit Court complaint) on the basis of *res judicata*.

In contrast, Gilliam's remaining claims were state law claims. The USDC dismissed these remaining counts for lack of diversity jurisdiction because Gilliam failed to establish that his domicile was outside of Hawaiʻi. Without a basis for diversity jurisdiction, the USDC declined to exercise supplemental jurisdiction over the state law claims.

The USDC did not conduct any substantive analysis of Gilliam's state law claims. Rather, the USDC dismissed Gilliam's

3

claims for want of jurisdiction, declining to exercise supplemental jurisdiction over the state law claims. Accordingly, the USDC's dismissal of Gilliam's state law claims did not constitute a final judgment on the merits. Therefore, we conclude that the Circuit Court erred in entering the Further SJ Order, which dismissed Count's I, II, III, IV, V, and VII of Gilliam's complaint on the basis of *res judicata*.

(2) Gilliam argues that the Circuit Court erred in denying his motion for recusal because the Circuit Court communicated with opposing counsel *ex parte*. A motion for the recusal of a trial judge is moot where the judge is no longer on the bench of the Circuit Court. Poka v. Holi, 44 Haw. 483, 483, 357 P.2d 110, 111 (1960).

We take judicial notice that Judge Valenciano retired from the Circuit Court in September of 2025. See State v. Maddox, 116 Hawaiʻi 445, 463, 173 P.3d 592, 610 (App. 2007) (taking judicial notice of judge's retirement). Gilliam's second point of error is therefore moot because Judge Valenciano is not on the bench of the Circuit Court.

(3) Finally, Gilliam argues that he did not have notice of the hearing on his motion for recusal. However, the hearing date and time is included on Gilliam's motion, which was signed by Gilliam. Accordingly, this argument is without merit, as well as moot, for the reasons set forth above.

For these reasons, the Circuit Court's February 26, 2024 Judgment is affirmed in part and vacated in part. The Circuit Court's December 13, 2023 Partial SJ Order is affirmed. The Circuit Court's December 14, 2024 Further SJ Order is

vacated.  Gilliam's appeal from the Recusal Order is dismissed as moot.  This case is remanded to the Circuit Court for further proceedings consistent with this Summary Disposition Order.

DATED:  Honolulu, Hawai‘i, March 20, 2026.

On the briefs:

William H. Gilliam,
Plaintiff-Appellant, pro se.

Leah M. Reyes,
Michelle H. Takahashi
(Gallagher Kane Amai & Reyes),
for Defendant-Appellee Susan
Gale Galvin, incorrectly
identified as Susan Gail
Galvin, as Personal
Representative of Michael J.
Galvin, Deceased.

/s/ Katherine G. Leonard
Presiding Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Kimberly T. Guidry
Associate Judge